Walker
v.            ERROR to the *Tippecanoe* Court of Common Pleas.
Prather.
              *Per Curiam.*—This case is affirmed, with costs; and
the reasons are given in the next preceding case.
              *J. Pettit* and *S. A. Huff*, for the plaintiff.
              *G. S. Orth* and *E. H. Brackett*, for the defendant.

---

Walker *v.* Prather and Others.

A justice of the peace, not being the successor of another justice, but having the docket of the latter in his possession during a vacancy or absence, cannot grant an appeal from a judgment on such docket, and certify a transcript in the case, until he has previously transferred the judgment to his own docket.

A justice's certificate to a transcript given upon an appeal, showed that he was not the justice who rendered the judgment, but that the same was in his custody till a successor to the justice who did render the judgment, should be elected, and it did not show that the judgment had been transferred to his own docket. *Held*, that the dismissal of the appeal upon motion, in the Circuit Court, was right.

If this defect in the certificate had not been sufficient to justify the Court in dismissing the appeal, the refusal of the Circuit Court to admit evidence that the judgment had not been so transferred, would have been error.

Suit against an administrator and his sureties, before a justice of the peace. The demand stated that the plaintiff was the widow of the intestate, and entitled, under the statute, to certain personal property of the estate, which property she had demanded of the administrator. That statement was filed, with a copy of the administration-bond, as the cause of action. *Held*, that, under the R. S. 1843, the cause of action was sufficient.

*Friday,*          ERROR to the *Jennings* Circuit Court.
*November* 28.
              Blackford, J.—*Catharine Walker* commenced an action
of debt, before *Beverly Kelsey*, Esquire, a justice of the
peace, against *Hiram Prather* and others. The defendants pleaded several pleas in bar; and the justice ren-

dered judgment for the plaintiff. The case came before the Circuit Court on an appeal by the defendants from that judgment. The appeal was granted and the transcript certified, not by justice *Kelsey*, who rendered the judgment, but by another justice, namely, justice *Basnett*.

The certificate attached to the transcript is as follows:

State of *Indiana, Jennings* county, ss. I, *Philander L. Basnett*, a justice of the peace within and for the township of *Vernon*, in said county, do hereby certify that the within is a true, full, and complete transcript from the docket of *Beverly Kelsey*, Esquire, late a justice of the peace in said township, who, having resigned his office as justice of the peace in said township, said docket has been deposited by said *Beverly Kelsey*, Esquire, with me, the justice of the peace in said township nearest to said *Kelsey*, to be by me kept until a successor shall be elected and qualified. The defendants have filed an appeal-bond before me, on the 27th of *November*, 1847, on an appeal prayed; which bond was by me approved, and an appeal granted.

Given under my hand and seal, the 5th of *April*, 1848. *Philander L. Basnett*, J. P., [seal.]

The plaintiff moved to dismiss the appeal, on the ground that the said judgment had not been transferred to the docket of the justice who certified the transcript.

To support this motion, the plaintiff offered to prove, by the docket of justice *Basnett*, that the judgment had not been so transferred. This evidence was rejected.

The Court then, on the defendants' motion, dismissed the suit for the want of a sufficient cause of action.

The statutory provisions as to when one justice may give transcripts of judgments rendered by another, are as follows:

The justice with whom the docket of another may be deposited during a vacancy or absence, is hereby authorized, while having such docket legally in his possession, to transfer to his own docket any judgment on the docket left with him, that may be due while in the possession of

such justice, at the request of the judgment-creditor, or any other party interested, and to issue execution thereon, or to give a transcript thereof, in the same manner as if the judgment and proceedings had been originally had before him; and he shall note such transfer, and the date thereof, in the docket from which such transfer is made.

The successor of any other justice, on obtaining his docket and papers, shall be authorized to issue executions on his judgments, and give and certify transcripts of his proceedings, and proceed in all cases in like manner as if the same had been originally had or instituted before him. R. S., p. 917.

According to these provisions, a justice of the peace, not being the successor of another justice, but having in his possession the docket of another justice in the cases provided for, cannot grant an appeal from a judgment on such docket, and certify a transcript in the case, until he shall have previously transferred the judgment to his own docket.

The certificate before us shows that justice *Basnett*, who gave it, was not the successor of the justice who rendered the judgment. That being the case, the appeal could not be taken and the transcript certified, until the judgment had been transferred to justice *Basnett's* docket. The certificate does not show, as we think it should, that such transfer had been made; and for that defect, it appears to us, the appeal should have been dismissed. If, however, we are mistaken as to that, the proceedings are still erroneous on account of the rejecting of the evidence which was offered by the plaintiff to prove that the judgment had not been transferred.

The Circuit Court decided the statement of demand to be insufficient. The suit is against an administrator and his sureties. The demand states that the plaintiff is the widow of the intestate, and entitled, under the statute, to certain personal property of the estate, which property she had demanded of the administrator. That statement was filed, with a copy of the administration-bond, as the cause of action. We think this cause of action, which

was filed in a justice's Court, is sufficient.  R. S. 870, p. 1049.

*Per Curiam.*—The judgment dismissing the suit is reversed, with costs.  Cause remanded, &c.

H. C. *Newcomb*, for the plaintiff.

W. B. *Hagins*, for the defendants.