# Bradshaw's Appeal.

1. A decree of distribution by the Orphans' Court is conclusive upon all questions, until reversed.

2. An administratrix cannot set off a debt due her against the claim of a distributee. The Orphans' Court is not competent to try such an issue, but it properly belongs to the Common Pleas.

APPEAL from the Orphans' Court of *Alleghany County.*
Opinion by

THOMPSON, J.—We are of opinion that the questions presented on this appeal are all to be considered as concluded by the decree of distribution against the administratrix. That had passed before the rule for the order to pay the money into court was granted. Such a decree is conclusive until reversed, both upon authority and the act of assembly of 29th March, 1832, P. L. 190. *Merklein* v. *Trapnell,* 10 Casey, 42.

The 39th section of the act of 24th February, 1834, provides for what is to be done by an executor or administrator when distribution is required. He is to deduct all demands against the estate, which he has paid, and a sufficient amount to pay the principal, interest, and all costs of such as may still be in dispute, and then distribution may be made of the residue, under the direction of the Orphans' Court.

If the claim of Mary Campbell was known before the decree of distribution it should have been presented then, when a refusal to allow it might have been the subject of appeal. If made afterwards, it cannot be any more effectual in controlling the decree. The claimant in this case, if successful, would have to look to the refunding bonds of the distributees. If the court takes into its custody for distribution the fund, it will be disposed of, doubtless, so as to save the interests of all parties concerned in the estate, which may be by requiring refunding bonds, or modifying the decree of distribution to meet contingencies. But whatever they may do with it, the administratrix

will be safe by their final disposition of it. It is out of her hands when she surrenders it to court, and she can be held no longer responsible for it. But, treating, as we must do, the decree of distribution as conclusive until reversed, we see nothing in the respondents' answer or points raised here to prevent the court from making the order on the administratrix to pay the money into court.

The administratrix could not claim a set-off of a debt due her against the distributee. This would be to mingle her private affairs with her trust duties, which the law will not allow. The Orphans' Court is not competent to try issues which belong to the Common Law Courts, and the claims of Mrs. Bradshaw against her step-son, and his counter claims, were of this nature. Such a controversy does not belong to the Orphans' Court. These were the only objections to the order.

The decree of the Orphans' Court is affirmed at the costs of the appellant.