*L. C. Dougherty*, for the appellant.

———————⟨◇◆◇⟩———————

Hamilton *et al. v.* Matlock, Administrator.

DEMAND—WIDOW.—A demand, by a widow, on the administrator of her deceased husband, for the 300 dollars worth of personal property allowed her by statute, 2 G. & H. 295, § 21, if made in these words: "Squire, I have concluded to take my 300 dollars in property," is sufficient.

SAME—REFUSAL.—Where an administrator refuses to deliver such property, on request, it is not necessary for the widow to make a specific selection of the articles she desires to take.

STATUTES CONSTRUED.—There is no conflict between § 21, 1 G. & H. 295, and § 43, 2 *id.* 495. The former gives to the widow the right to 300 dollars worth of the personal property of her deceased husband, at any time before the sale thereof, and if she does not take the same, then, to 300 dollars, out of the proceeds of such sale, but does not specially provide that she may receive the same before the return of the inventory, nor point out the duty of the administrator in that behalf; and the latter provides that she shall be entitled to select, and take it before the return of the inventory, and defines the duty of the administrator in that respect.

INSTRUCTIONS TO JURY.—A party has no right to complain of an instruction given the jury, which works no injury.

APPEAL from the *Parke* Common Pleas.

WORDEN, J.—This was an action by the appellee against the appellants, upon an administration bond.

*Edna Reddish* was the widow of *Ransom Reddish*, she having survived him. *Hamilton* was the administrator of *Ransom Reddish*, and *Steele* was his surety. *Ransom Reddish* died leaving property to the amount, at its appraised value, of 2000 dollars, and his widow demanded of the administrator the right of selecting 300 dollars worth of such property. The administrator refusing to permit the widow to make such selection; this suit was brought; judgment for the plaintiff.

There is no question raised in the case except upon the sufficiency of the evidence, and the correctness of certain instructions.

The evidence clearly enough made out the plaintiff's case. It was proven that after the property had been appraised and before the sale thereof, *Edna*, the plaintiff's intestate, made a demand of the property upon the administrator, saying: "Squire, I have concluded to take my 300 dollars in property." To which he replied: "Madam, my hands are tied; an injunction is laid on me not to deliver it, and I can not do it."

We may remark that there is nothing in the case showing that the administrator was in any manner enjoined from delivering the property, nor is any reason shown why he should not have delivered it. We, therefore, suppose he meant, by saying that an injunction was laid on him, that other parties interested in the estate had requested or notified him not to make such delivery. But, however that may be, we think there was a sufficient demand, and an absolute refusal to deliver the property. The reason assigned for the refusal is not very material, inasmuch as no valid reason was shown to exist. And it may be further observed that as the administrator refused to deliver the property, there was no necessity for the widow to make a specific selection of such articles as she might choose to take. While he refused to let her have

any thing, no rule of law would require her to specify any particular thing.

But it is claimed that as it does not appear that the demand was made before the return of the inventory, the widow was not entitled to make a selection of property at all, or have any delivered to her.

We have two statutory provisions that bear upon this question. The first is as follows: "In all cases other than those provided for in the two preceding sections, a surviving wife shall be entitled, before any distribution, to 300 dollars of personal property of her deceased husband, to be selected by her at its appraised value; or, if said property shall have been sold, then to 300 dollars out of the proceeds thereof, for which she shall not be required to account." 1 G. & H. 295, § 21. This section very clearly contemplates that the widow may make the selection at any time before the property shall have been sold, and if she fails to make a selection or claim any property before the sale, she is entitled to 300 dollars out of the proceeds. The other provision is as follows: "The widow, at any time before the return of such inventory, may select and take articles therein appraised, not exceeding in value 300 dollars, for which she shall receipt to such executor or administrator; a statement of the kind and amount of which goods so taken by the widow shall be returned by such executor or administrator, with, and designated on, such inventory." 2 G. & H. 495, § 43.

Now as the statute last above quoted was approved subsequently to the other, it is claimed that it so modifies the other as to limit the right of a widow, and require her to make her selection before the inventory is returned by the administrator. In this construction we do not concur. The two statutes may well be construed together so as to give effect to each. The former statute is not repealed unless it be by implication. But implied repeals are not favored, and in this

case there is no such inconsistency as requires that the former should be deemed repealed by the latter statute. If the latter statute repeals the former in respect to the right of the widow to take the property before a sale thereof, it is difficult to see why it does not repeal it in respect to her right to the money where the property has been sold. The latter statute makes no provision that she may have the proceeds where the property has been sold.

The construction we give these statutes is this: We have seen that under the former statute the widow had a right to receive the property up to the time of its sale, and after that to the proceeds thereof; but it was not therein specially provided that she might receive the property before the inventory was returned, nor was the duty of the administrator in that behalf pointed out. Hence it was provided in the latter statute that she should be entitled to the property before the return of the inventory, and the duty of the administrator in that respect was defined; but the latter statute in no wise conflicts with the former in giving her a right to the property up to the time of the sale, and if not claimed, then a right to the proceeds.

Another question is made. The Court instructed the jury that the measure of damages was the amount of the value of the property to which the widow was entitled, with interest, &c. The plaintiff recovered the 300 dollars without interest. The appellants have no ground to complain of the amount of the recovery.

*Per Curiam.*—The judgment below is affirmed, with costs and 1 per cent. damages.

*S. F. & D. H. Maxwell*, for the appellants.

*J. E. McDonald* and *A. L. Roache*, for the appellee.