JOHN RITCHIE v. JOHN G. HUNTINGTON.

CONTRACT—*Payment in Specific Articles—Demand.* Where a debt is payable in lumber, lime and rock, in quantities and at time and place to be fixed by the payee, an unqualified refusal by the payor to deliver any lumber thereon, avoids the necessity of a formal demand, indicating quantity, time and place, before suit.

*Error from Shawnee District Court.*

HUNTINGDON sued *Ritchie* before a justice of the peace to recover the value of certain work done and performed under a special contract to be paid for in specific articles.

The case was appealed to the district court, where the plaintiff recovered a judgment for the amount of his claim. *Ritchie* denied his liability to pay *in money,* and the question here is upon the sufficiency of the demand, and upon the instructions refused and those given by the court, both of which appear in the opinion. The defendant brings the case here on error.

*W. P. Douthitt,* for plaintiff in error :

1. Payment was to be made in specific articles. A demand for such materials, before suit, was necessary to enable the plaintiff below to maintain his action for money. Such contract was payable upon a proper and reasonable demand only. 1 Ind., 224; 1 Blackf. 180 ; 2 Kent Com., 690, 691 ; 2 Parsons on Cont. 649, note *a*; 20 Wend., 196.

2. Before the plaintiff could maintain his action for money, he was bound to make a demand for the specific articles, at the place of payment, designating the *kind and quantity* thereof, and the time and place when and where he desired the same to be delivered ; and such time and place must have been reasonable, taking into consideration the nature of the thing to be delivered. Ritchie was not bound to see plaintiff and to offer to pay, but only to comply with a *proper* demand. Authorities above cited, and 5 Cowen, 516 ; 3 W. & S., 295 ; 20 Wend., 129; 10 Vermont, 274 ; Chipman on Contr. for Specif. Art., 238, 239 ; 12 Ill., 72; 7 Barb., 472.

3. The instruction asked by plaintiff in error should have been given to the jury; it embodied the law applicable to this case.

The instructions given by the court to the jury tended to mislead the jury, and were not the law of the case.

*J. & D. Brockway*, for defendant in error :

1. The demand made upon Ritchie by Huntington was sufficient. He went to Ritchie's house and asked him for some lumber and Ritchie's response was *"Not a foot."* That was a flat refusal, without any qualification whatever. The defendant in error was thus informed that he could not have *any* lumber at all, and there could have been no use in mentioning any specific quantity ?

He was entitled to part pay in *lumber*, and unless he could get it, he was under no obligation to take the other articles at all ; and any further demand or formal ceremony would have been wholly nugatory.

2. The contract to pay in the articles agreed upon was entire, and a refusal absolutely to deliver any one kind of them was a failure on the part of Ritchie to comply with his agreement, and he therefore became liable to pay the debt in money. *Hamilton v. Matlock*, 22 Ind., 47 ; *Clough v. Unity*, 18 N. H., 75 ; *Kimball v. Billows*, 13 N. H., 58, 70 ; *Muir v. Rand*, 2 Ind., 291; *Corbett v. Stonemetz*, 15 Wis., 170 ; *Newman v. Bennett*, 23 Ill., 427 ; *Dunlap v. Hunting*, 2 Denio, 643.

The opinion of the court was delivered by

BREWER, J. : The action below was one to recover for work. The performance of the work and the amount due were unquestioned. It appeared that payment was to be made in rock, lime, and lumber, to be delivered when demanded at any place in the city of Topeka, or Ritchie's Addition. Plaintiff below, defendant in error, testified that he demanded payment and was refused. This is the language of the record: "I then asked him if he would give me some lumber; he said, not a foot." Nothing was ever delivered or paid.

Upon this testimony the defendant below asked the court to instruct the jury as follows: " If the jury be-"lieve from the evidence, that on the 8th day of Feb-"ruary, 1867, the defendant was indebted to the plaintiff "in the sum of $83.61, or any other sum, to be paid in "rock, lime, and lumber, to be delivered by defendant "to the plaintiff at such time and place as the plaintiff "should want the same, then, to entitle the plaintiff to "recover said amount in money, he must have demanded "of defendant said lime, rock, and lumber, and been re-"fused by defendant before the commencement of this "action; and to constitute a legal demand, the plaintiff "was bound to demand of the defendant said lime, rock, "and lumber, or some portion thereof, designating which, "and the quantity thereof, and the time and place of de-"livery"—which instructions the court refused to give; but the court charged the jury as follows:

" To constitute a legal demand, the plaintiff was bound to demand some portion of the lumber or materials, designating the quantity thereof, and time and place of delivery, according to the terms of the contract; but if the defendant refused to deliver plaintiff any lumber at all, then the plaintiff need go no further, and might treat such refusal as a refusal to deliver any portion of said materials."

Exceptions were taken, and these rulings of the court are here alleged as error. When by agreement, payment is to be made in material at time and place to be selected by the payee, a demand indicating time, place and quantity must ordinarily be made, and a refusal had, before a cause of action accrues. There is no breach of the pay-or's agreement until then. He should not be subjected to suit and put to cost, because, for aught that appears, he may be able, ready and willing to comply with his contract. He should not be compelled to pay money

because he agreed to pay material. But it must be remembered that this matter of demand affects, not the indebtedness, but simply the mode of payment. The former continues, whether demand be ever made. The latter is a privilege which the payor may waive. He waives it when he gives an absolute refusal. Such a refusal is a repudiation of the contract so far as the mode of payment is concerned. When the payor repudiates the mode of payment, why require the payee to go through the formula of a complete demand, before he may enforce the discharge of the indebtedness ? It would be an idle ceremony, and useless labor; and the law is not so exacting.

The rule here is akin to that in case of tender. A tender must be in legal currency; but if the party refuses absolutely to receive the amount offered, the tender, though in bank bills, is good. In the case of *Corbitt v. Stonemetz*, 15 Wis., 170, which was a suit on a note payable in specific articles, and where the only demand proved was one for money, the court uses this language : "The maker might unquestionably have insisted upon paying this note in specific articles, instead of money, had it not been for the following reason : When the respondent, Stonemetz, was called upon by Alvord to pay the note, he replied that he had intended to pay it, but had taken counsel and was advised not to, and that he should follow that advice. He did not admit his obligation, or aver his willingness to pay the note in any specific articles, but he repudiated his liability to pay anything upon it. Under such circumstances it is obvious that a demand of specific articles would have been entirely idle, because Stonemetz said he had been advised to pay nothing on the note, and should follow hat advice. For certainly the law is not so unreasona-

ble as to require a demand to be made, when it appears from the defendant's own conduct that such a demand would be nugatory and idle."

That case is much stronger than the one at bar; for the plaintiff here asked for lumber, one of the articles named in the agreement, but was flatly refused, and told he could not have a foot. He was under no obligation to take all his pay in lime and rock. If he took his pay in material, he was entitled to some lumber. Refused that, he need not ask for the other. *Blood v. Goodrich*, 9 Wend., 79; *Dunlap v. Hunting*, 2 Denio, 643; *Hamilton v. Matlock*, 22 Ind., 47.

We see no error in the ruling of the court, and the judgment must be affirmed.

All the Justices concurring.