Clark, Executor, v. Helm et al.

Filed Dec. 19, 1891.

---

No. 16,121.

CLARK, EXECUTOR, v. HELM ET AL.

ADVANCEMENT.— *Will.—Equal Distribution. — Interest.— Unduly Advanced Distributee.—Refunding.*—Where a will shows that it was the intention of the testator to make an equal distribution of his estate, and some of the distributees have received more than the others, the latter are entitled to a sum sufficient to put them on an equal footing with the former, with interest thereon, in addition, from the date of the testator's death until payment made, if there are sufficient assets for that purpose left after the payment of the debts of the deceased and the costs of administration; but the distributees who have received greater amounts than their co-distributees can not be made to refund in order to bring about such equalization.

From the Rush Circuit Court.

*W. J. Henley* and *Lot D. Guffin,* for appellant.

*B: L. Smith* and *C. Cambern,* for appellees.

ELLIOTT, C. J.—The ancestor of the appellees and the testator of the appellant, Clark, died on the 15th day of January, 1888, leaving a large estate. The testator in his will directed that the executor should convert the notes and accounts held by the testator at the time of his death into money, with which, with other money, he should equalize the shares of the respective heirs. During his lifetime the testator made the following advancements to his children: To William Helm $28,000, to Florence Cutter $24,490, to Elizabeth Patterson $24,300, and to his grandchildren the following advancements: To Nannie, George and Bertha Helm $20,050.

The court adjudged that the shares of the distributees should be equalized, and that Florence Cutter was entitled to receive $3,510 in addition to the sum advanced to her; that Elizabeth Patterson was entitled to the additional sum of $3,700, and Nannie, George and Bertha Helm were jointly entitled to the additional sum of $7,950, and that they are also entitled to interest on the sums to which they are respectively entitled to from the 15th day of January, 1888, to be paid before any more money is distributed to William Helm. The contest in the case is as to the allowance of interest to the distributees who had received a less sum than that advanced to William Helm.

It is very doubtful whether the question argued by counsel is presented. It certainly does not arise on the pleadings, for the complaint is unquestionably good in so far as it asks that the shares be equalized, and if good to that extent will repel a demurrer, even if it should be conceded that it claims too much in claiming interest. *Bayless* v. *Glenn,* 72 Ind. 5. Nor does the motion for a new trial properly present the question, inasmuch as there is no specification prop-

erly challenging the allowance of interest. Neither does the exception to the finding properly present the question, for there is no special finding in the record. But, as the appellees' counsel interpose no objection to the mode of presenting the question, and as the case is a peculiar one, we have thought it best to decide the main question.

Upon the general question whether a distributee can be allowed interest after the death of the ancestor, there is stubborn conflict of authority. *Davies* v. *Hughes,* 86 Va. 909; *Appeal of Patterson,* 128 Pa. St. 269; *Yundt's Appeal,* 13 Pa. St. 575; *Jackson* v. *Jackson,* 28 Miss. 674; *Black* v. *Whitall,* 1 Stock. Ch. 572; *Kyle* v. *Conrad,* 25 W. Va. 760; *Roberson* v. *Nail,* 85 Tenn. 124; *McDougald* v. *King,* 1 Bailey (S. C.), 147; *Stewart* v. *Stewart,* L. R. 15 Ch. Div. 539 (545); *Steele* v. *Frierson,* 85 Tenn. 430; *King* v. *Talbot,* 40 N. Y. 76; *Johnson* v. *Patterson,* 13 Lea 626; *Williams* v. *Williams,* 15 Lea 438.

Our own court has given its sanction, in a general way, to the doctrine that interest may be allowed after the death of the ancestor, although the question was not expressly decided. *Case* v. *Case,* 51 Ind. 277. Judge Woerner asserts that interest should be allowed. 2 Woerner Law of Administration, 1222. But in this instance we are not required to enter the field of conflict, for we think that the will of the testator so influences the case as to make it our duty to hold that the distributees are entitled to interest. Our opinion is that the testator intended that all the heirs should receive an equal share of his estate, and that it was his purpose to impose upon the executor the duty of equalizing the distribution. The will expresses the purpose of the testator to divide his estate into four shares, and to allot to the persons respectively entitled to distribution an equal share. This intention will be defeated unless the appellees are allowed interest from the time of the testator's death. The use of money is valuable, and the right to interest is property, so that William Helm has had more than his share of the estate, in-

asmuch as he has had the use of the excess advanced to him. It is, therefore, equitable and just under the terms of the will that the other distributees be put upon equality with him by being allowed interest from the time of the testator's death. The appellees can not, of course, recover anything directly from William Helm, for our statute precludes such a recovery. Section 2407, R. S. 1881. Nor do they ask a recovery of that kind. What they asked, and the court awarded, is that before distributing anything more to William Helm interest shall be added to their respective claims. This we think they had a right to ask and receive.

We may. add, to prevent misunderstanding, that we do not hold, nor mean to hold, that they can be allowed interest unless there is money remaining for distribution. They can not have interest at the expense of creditors of their ancestor, but they may have interest added to their claims if there is money to be distributed ; and, while nothing can be recovered from William Helm, he may, nevertheless, be put off as to further payments to him in order to enable the executor to equalize the shares of the appellees by allowing them interest from the time of the testator's death. This is nothing more than an equitable distribution under the will of the testator, and the conclusion asserted does not violate any rule of law.

Judgment is affirmed.

Filed Jan. 5, 1892.