## Estate of Martin S. Eichelberger.    Appeal of Yale University.

*Will—Specific bequest—Annuity—When interest runs respectively.*

Where by the terms of a will an annuity is given it is presumed to be the intention of the testator that it shall be payable from the day of the testator's death, but where there is an absolute bequest of a specific sum in perpetual trust, although the income thereof is to be appropriated in a specific manner, interest does not commence until a year after death, unless there is a clear evidence of contrary intent to be found in the will.

Argued March 9, 1898.    Appeal No. 7, March T., 1898, by The President and Fellows of Yale University, from decree of O. C. York Co., in the matter of the distribution of the administrators, c. t. a. of the estate of Martin S. Eichelberger, deceased. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.    Reversed.

Exception to auditor's report.    Before BITTENGER, P. J.

It appears from the adjudication that decedent who died July 10, 1893, bequeathed $10,000 to the city of York, "the principal to be invested under the direction and approval of the orphans' court of York county, and the annual income thereof, to be distributed among the deserving poor of York City, under the direction of the Benevolent Society of said City."    The auditor distributing the balance on the first account awarded to the city of York, in trust for the purposes expressed in the will, the sum of $10,000 and interest from one year from testator's death, which award was duly confirmed.

Some additional funds having come into the accountant's hands a supplemental account was filed showing a small balance for distribution.

The auditor held that the residuary legatee was entitled to the balance of the account on the ground that the bequest to the city of York is a general legacy, and in the absence of any time fixed by the testator for its payment, sec. 51, of the Act of February 24, 1834, P. L. 70, providing that "such legacies shall be due and payable at the end of one year from testator's death," rules this question and that the authorities of the city of York

had received all that they were entitled to under the said will.

An exception was filed to the auditor's report on behalf of the city of York, which was sustained by the court below, who awarded the balance on the account to the city of York on the ground that the legacy was an annuity. The residuary legatee appealed.

*Error assigned* among others was (4) in not awarding the balance of the fund for distribution, to wit: $481.87 to the residuary legatee. ·

*E. Chapin*, for appellant, relied on Koon's & Wright's Appeal, 113 Pa. 621.

*E. W. Spangler*, with him *A. N. Green*, for appellee.—That the legacy for the benefit of the poor of York bears interest from the death of the testator is squarely decided in the former distribution: Yale's Appeal, 170 Pa. 242.

On the question of interest from time of death cited Townsend's Appeal, 106 Pa. 268; Flickwir's Estate, 136 Pa. 375; Hilyard's Estate, 5 W. & S. 30.

OPINION BY REEDER, J., May 9, 1898:

This is a controversy arising from the distribution of money in the hands of the administrator cum testamento annexo of Martin S. Eichelberger. This balance is claimed by the special legatee as interest upon the legacy bequeathed to it, upon the theory that the legacy which was one of $10,000 carried interest from the time of the testator's death, and is contested by the appellant as residuary legatee. The money was awarded to the special legatee by the court below as interest upon the legacy from the day of the death of the testator. Prior to the filing of this last account the special legacy had been paid with interest from one year after testator's death, this claim is for interest from the day of death up to the date to which interest had been paid. The act of February 24, 1834, provides that legacies, if no time be limited for the payment thereof shall in all cases be deemed to be due and payable one year from and after the death of testator. The provisions of the act of 1834 must prevail in the payment of interest unless there be language or

circumstances upon the face of the will showing that the tes-
tator could not have intended the legacy to be payable at the
end of the year: Koon's and Wright's Appeal, 113 Pa. 621.
Is there any such language or are there any such circumstances
manifest upon the face of this will as will remove from this
legacy the provisions of the act of 1834 ?   The bequest is "to
the mayor and city councils of the city of York the sum of ten
thousand dollars in trust, the principal to be invested . . . .
and the annual income thereof to be distributed among the
deserving poor of the city of York under the direction of the
Benevolent Society of said city."   At first examination one is
impressed with the similarity of expression in the provisions
of the will relating to these bequests and those to his relatives
which the Supreme Court in Yale's Appeal, 170 Pa. 242, held
to be annuities bearing interest from time of the death.   But
a more deliberate and careful examination makes them clearly
distinguishable.   There the testator bequeaths to the benefi-
ciaries only the interest of a certain fund during his or her
life, and after death to certain persons nominated in the will.
Here is a bequest not for the life of any one, not for a specific
time but for all time of a fund the interest of which is to be
used for the comfort and maintenance of the deserving poor of
the testator's native city.   It is not an annuity but a perpetuity
which would be void were it not for a charitable purpose.
This case in its facts accords with remarkable similarity to
that of Koon's and Wright's Appeal, 113 Pa. 621.   In that
case as in this the bequest was $10,000 to "The Industrial and
Beneficial Institute of Frankford, the principal to be invested
and the income to be applied to the payment of taxes and
repairs of the buildings, and the balance as to part for a free
library and reading room, and as to another part for supplying
fuel and furnishing support and relief to the poor of Frank-
ford residents within a circuit of one mile from the building
forever."   It is true that the will under consideration provides
that the annual income shall be expended for the benefit of the
poor of the city of York, and Joseph Wright the testator
directed in the will under consideration in the case of Koon's
and Wright's Appeal that the income should be expended partly
for the benefit of the poor of Frankford.   But the omission of
the word "annual" in the will in the latter case can make no

material difference, for it would certainly be supplied by judicial interpretation were there any necessity for doing so. Justice GREEN in delivering the opinion of Supreme Court says : " The legacy of ten thousand dollars to the appellee was absolute without any condition as to its payment, and no time of payment was expressed in the will which gave it. Literally the case as to the question of interest comes directly within the words of the act of February 24, 1834, which provides that "Legacies, if no time be limited for the payment thereof shall in all cases be deemed to be due and payable at the expiration of one year from the death of the testator." This legislation supplies a testamentary intent, and hence where it is claimed that a money legacy shall not bear interest from the expiration of one year after the testator's death, the contention must be supported by a clear evidence of an intent contrary to the act to be found in the will of the testator. This case is clearly ruled by the case just cited. The distinction is this : where by the terms of a will an annuity is given it is presumed to be the intention of the testator that it shall be payable from the day of the testator's death; where there is an absolute bequest of a specific sum in perpetual trust, although the income thereof is to be appropriated in a specific manner, interest does not commence until a year after death unless there is clear evidence of a contrary intent to be found in the will. This view of this case makes it unnecessary for us to discuss the other question raised by the assignment of error, in which however we find much merit, viz: whether the legacy having been accounted for in a prior account by the administrator, and distributed to the appellee received by it without objection—no exceptions having been filed to the account or the distribution of the auditor and confirmed by the court, it is not res adjudicata, and the appellee's day to claim other and further interest has passed.

Decree reversed at the costs of the appellee, and record remitted with instructions to allow appellant's claim to the balance in the hands of the administrator less the costs of audit.