## WILLIAM WARWICK

*v.*

## STEPHEN D. ELY et al., executors, &c.

[Filed November 10th, 1899.]

1. Pecuniary legacies bear interest after one year from the testator's death, though the will gives the executors three years in which to settle the estate, "if they think that time advantageous."

2. In an action for a legacy against executors in their representative capacity, they cannot set off a claim against the legatee for rent due to them as residuary devisees or as heirs of the testator.

On final hearing.

This bill is filed to recover two legacies.    Joseph J. Ely left
in his will $100 to each of his grandchildren, including Joseph
J. Ely, Jr., and Andrew J. Ely.    These legatees have assigned
their interest in the legacies to William Warwick, the com-
plainant, who now sues the executors to recover the legacies,
with interest thereon, from a period beginning from one year
after testator's death.

*Mr. Aaron V. Dawes*, for the complainant.

*Mr. Richard M. J. Smith*, for the defendants.

REED, V. C.

The defences interposed to the claim of the complainant are
two.    It is first insisted that interest began to run upon the
legacies at the end of three years from probate instead of at the
end of one year from the date of testator's death.

The second defence is that the executors have a set-off
against one of the legatees and his assignee.

First, then, in respect to the matter of interest.

It is admitted by the defendants that, as a rule, interest
begins to run upon a general legacy one year from the testator's
death.    It is insisted, however, that these legacies are aside from
the general rule, by reason of the following clause in testator's
will :

"I hereby appoint my two sons, Stephen D. Ely and Joseph Addison Ely,
executors of this my last will, authorizing them at their discretion to employ
able law counsel, and I give them three years in which to settle my estate, if
they think that time advantageous."

It is insisted that as the legacies were not payable until the
end of three years from the time of probate of the will, there-
fore interest does not begin to run upon them until they become
payable.

It is, of course, entirely clear that no duty to pay these lega-

cies arose during the period of the three years, because there was
imposed upon the executors no duty to settle the estate in less
than three years. No payment, therefore, could have been suc-
cessfully demanded. If, therefore, as an inexorable rule, the
right to interest begins only when a right to claim payment
accrues, the position taken by the counsel of the defendants
would be logically unassailable. But it does not seem to be an
invariable rule that the right to interest depends upon the right
to claim payment. A conspicuous instance of the last state-
ment is furnished by the decisions of the courts, as to the effect
upon the general rule that interest shall begin to accrue one year
from testator's death, of those statutes which make legacies pay-
able one year from the date of the letters testamentary instead
of at the end of one year from testator's death. If interest de-
pends entirely upon the right to claim payment, then the reason
of the rule, as Judge Woerner remarks, would make interest
payable, under these statutes, one year from date of letters testa-
mentary. *Woerner Am. Adm. (2d ed.)* § *458.* Indeed, some
courts have so held. But the court of appeals of this state, in
*Davison* v. *Rake, 18 Stew. Eq. 767,* affirming a decree advised
by Vice-Chancellor Van Fleet, held otherwise. Mr. Justice
Depue, in delivering the opinion of the court of appeals, uses
this language : " For the sake of general convenience, the court
holds that personal estate should be reduced into possession at
the expiration of one year after the testator's death, and upon
that ground interest is payable upon general legacies from that
time, unless some other period for the payment of the legacies
is fixed by the will. Actual payment may, in many instances,
be impracticable within that time, yet in legal contemplation the
right of payment exists, and carries with it the right to interest,
until actual payment is made."

The question now propounded was before the supreme court
of Rhode Island, in the case of *Spencer's Petition, 16 R. I. 25.*
The will in that case provided that the executors thereof should
have five years to settle the estate, yet it was held that the pecu-
niary legacies bore interest after one year from the testator's
death. The reasoning of Chief-Justice Durfee in that case is

especially applicable to the facts in this case and need not be reproduced. He cites with approval the case of *Kent* v. *Dunham, 106 Mass. 586, 591,* in which case the court said " that interest is allowed on the principle that it follows as an accretion to the principal legacy, and does not depend on demand or default. It may be said that it is a rule which reduced to a certainty what might otherwise be the conflicting exercise of discretion by the executors or the court."

Nor do I see that the insistence that the testator contemplated a litigation, which he knew would prolong the period of the settlement of his estate for more than a year, can in any way change the doctrine thus announced. Whatever may have been the reason for giving three years for the settlement of the estate— whether it was on account of the several inherent difficulties of the administration or on account of the prospective contest over the probate—does not matter, for it would be the fact that he gave the three years rather than the reasons for giving it that would fix the time for the beginning of interest, if the general rule was changed at all. I am of the opinion that the legatees are entitled to interest after one year from testator's death.

The second question is whether the executors are entitled to offset an item of rent alleging to be due from Joseph J. Ely, one of the legatees, under the circumstances which the counsel for said legatee offers to prove. I say offers to prove because it is stipulated between the counsel that if the court holds that the offer of the defendant is a defence, then he shall be permitted the opportunity of proving it. The offer is to show that this legatee was in possession of a farm belonging to the testator at the time of and for one year after testator's death. It is admitted that rent was paid by him up to the time of the testator's death, but the unpaid rent, accruing subsequently to the testator's death, amounts to the sum of $300. It is offered to prove that the assignee, at the time he took his assignment of the legacy, knew of the existence of this debt.

The land occupied by the legatee was devised to Stephen D. and James A. Ely, who are the executors of the will. Or, to state it more accurately, they, having a power of sale of this

and other property, were the beneficiaries of the fund received from the sale.

Now, it is apparent that the rent due after the death of testator did not belong to his estate and could not be recovered by his personal representatives. If the will had been refused probate the rent would have belonged to the heirs of the intestate; the will being proved, it belongs to the devisees. Whether, during the abeyance of the execution of the power to sell, the rent belonged to the beneficiaries under the will of the testator or to his heirs does not matter, for in no aspect can the rent belong to the personal representatives. *Tayl. Land. & T.* § *309.*

Now, the executors wish to set up a claim which they hold as residuary devisees or in which they hold a part interest as one of several heirs, against a claim preferred against them as the personal representatives of the testator. It is perceived that the right in which they claim the rent and the right in which they defend this suit are radically different. They could not sue for this rent as executors. If the claimed offset is permitted the estate would be entitled to the benefit of the application of the rent and the executors would be entitled to an allowance for a legacy as paid and would so hold so much of the assets for their own personal benefit. Neither in equity nor in law can a set-off be sustained unless the claims are mutually held in the same right, unless, in the latter court, a peculiar equity is created by the circumstances. *Black* v. *Whitall et ux.*, *1 Stock. 572-577 ; Brewer* v. *Norcross, 2 C. E. Gr. 219, 226.* There is no equity which will permit this set-off, so the rule must control that personal representatives cannot, in an action against them in their respective capacity, set off a debt due to them personally. *Stickney* v. *Clement, 7 Gray 170 ; Bradshaw's Appeal, 3 Grant Cas. 109.*

I am constrained to the conclusion that the evidence tendered to prove a set-off is incompetent for that purpose. The complainant is entitled to a decree for the amount of the assigned legacies, with interest from September 13th, 1896.