Brown *v.* Bernhamer.

---

BROWN, ADMINISTRATOR, *v.* BERNHAMER ET AL.

[No. 19,974.    Filed December 10, 1902.]

EXECUTORS AND ADMINISTRATORS.— *Widow's Absolute Allowance.— Complaint.— Will as Exhibit.*—The will of a husband devised to his widow such part of his estate as she might be entitled to under the statutes of descent in force at the time of his death. *Held,* in an action against the administrator with the will annexed, that it was not necessary that a copy of the will be filed with the complaint, since the action was under the statute, and not founded on the will.    *p. 539.*

SAME.— *Widow's Allowance.—Assignment.—Demand.*—A demand made by a widow on the administrator of her husband's estate inures to the benefit of her assignee.    *p. 539.*

APPEAL.— *Misjoinder of Causes.*—A judgment will not be reversed for a misjoinder of causes of action.    *p. 540.*

EXECUTORS AND ADMINISTRATORS.— *Widow's Allowance.—Action to Recover.—Interest.*—Where an administrator upon demand refuses to pay the widow her statutory allowance of $500, and she sues for the same, she is entitled to recover from the estate, in addition to her allowance, the interest thereon from the date of the administrator's refusal to pay.    *p. 540.*

From Shelby Circuit Court; *Douglass Morris,* Judge.

Action by Julia F. Bernhamer and another against John H. Brown, administrator of the estate of Charles Bernhamer, deceased. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901.  *Affirmed.*

*F. J. VanVorhis* and *J. B. McFadden,* for appellant. *K. M. Hord* and *E. K. Adams,* for appellees.

DOWLING, J.—Charles Bernhamer died testate at Shelby county, in this State, seized of real and personal property of the value of $8,000, leaving the appellee Julia F. Bernhamer his widow.  By his will, which was duly admitted to probate, he directed that his widow take such part of his estate as she might be entitled to under the statutes in force at the time of his death, and nothing more. The appellant was duly appointed administrator of said estate, with the will annexed.  The widow assigned her claim against the estate, to the extent of $300, to her ·co-appellee.  The administrator having refused to pay the allowance of $500 to which the widow was entitled under the statute, she and her assignee joined in an action against said administrator for such allowance.  Issues were formed, and upon the trial of the cause there was a finding and judgment for the appellees in the sum of $545.66.

The errors assigned are upon the decisions of the court overruling a demurrer to the complaint for want of facts, and for a misjoinder of causes of action, and a motion to modify the judgment.

The first objection taken to the complaint is that no copy of the will was filed with it.  There is nothing in the point. The claim of the widow was under the statute, and not upon the will.  The devise to the widow, which gave her precisely the same estate that she would have taken under the statute, was void, and her title under the statute had precedence of the title by devise.  *Davidson* v. *Koehler,* 76 Ind. 398; 4 Kent's Comm., 506.

The complaint contains a sufficient allegation that, at the time payment of the claim of the widow for the $500 to which she was entitled under the statute was demanded, the administrator had in his hands funds sufficient to pay it.  The demand made by the widow inured to the benefit of her assignee.  *Walker* v. *Prather,* 3 Ind. 112; *Hamilton* v. *Matlock,* 22 Ind. 47; *Browning* v. *McCracken,* 97 Ind. 279; *Zeigler* v. *Mize,* 132 Ind. 403.

The alleged misjoinder of the claims of the widow and her assignee in the complaint, even if erroneous, is not a ground for a reversal of the judgment. §§343, 344 Burns 1901, §§340, 341 R. S. 1881 and Horner 1901; *Coan* v. *Grimes,* 63 Ind. 21; *Cargar* v. *Fee,* 140 Ind. 572.

The court allowed interest upon the claim from the date of the refusal of the administrator to pay it, and rendered judgment for the same. A motion to modify the judgment by deducting the interest therefrom was overruled. The appellant insists that this was error, and that while the administrator himself might be chargeable with interest in an action on his bond for wrongfully refusing to pay the claim of the widow when he ought to have done so, the estate ought not to be punished for his default. We think the interest was properly included in the judgment. The claim of the widow was a preferred one, and was highly meritorious. §2424 Burns 1901, §2269 R. S. 1881 and Horner 1901; *Claypool* v. *Jaqua,* 135 Ind. 499. The statute made it the duty of the administrator to pay it out of the first moneys in his hands available for that purpose, if the estate was solvent. The suit was properly brought against him as administrator, with the will annexed, and the plaintiffs were entitled to full redress in that action.

It would not be just, nor in accordance with the principles of the civil code, to require them to bring two actions,—one for the statutory allowance against the estate, and another for damages against the administrator. *Case* v. *Case,* 51 Ind. 277; *Clark* v. *Helm,* 130 Ind. 117, 119, 14 L. R. A. 716. The estate need not be subjected to loss on account of the allowance of interest on the claim. Upon the presentation of the accounts of the administrator, the credit claimed by him for the interest paid may, if the court finds it proper to do so, be disallowed.

We find no error. Judgment affirmed.