STIMSON, ADMINISTRATOR, v. ROUNTREE, EXECUTOR, ET AL.

[No. 7,670. Filed October 9, 1912.]

1. APPEAL.—*Review.*—*Harmless Error.*—*Ruling on Demurrer to Answer.*—Overruling a demurrer to a paragraph of answer, even if erroneous, will not work a reversal, where the evidence admissible under such answer is also admissible under the general denial and it appears from the record appellant was not harmed thereby. p. 211.

2. WILLS.—*Legacies.*—*Interest.*—As a general rule, a general legacy, with no time of payment specified, will draw interest only after the expiration of a year from the death of the testator. p. 211.

3. WILLS.—*Legacies.*—*Payment.*—*Interest.*—Under §2904 Burns 1908, §2381 R. S. 1881, which postpones the payment of general legacies until after the expiration of one year from the granting of letters, where the earlier payment of a legacy had not been applied for and ordered pursuant to §§2902, 2903 Burns 1908, §2380 R. S. 1881, Acts 1883 p. 158, providing for payment, under certain conditions, at any time previous to the settlement of the estate, and no time of payment was specified in the will, the court properly refused to allow interest on a legacy until after the expiration of one year from the death of the testatrix. p. 212.

4. WILLS.—*Legacies.*—*Construction.*—*Payment.*—The provision of a will for the payment of a legacy in a specified sum, with directions to the executor that "said sum or the portions thereof remaining", should be loaned by him, and that he pay the principal and income derived therefrom to the legatee as her need therefor should arise, does not indicate an intention on the part of the testatrix to fix the time of payment of the legacy, nor the time when it should be loaned and interest charged thereon, but such legacy is within the class of general legacies contemplated by §2904 Burns 1908, §2381 R. S. 1881, postponing the payment of general legacies until after the expiration of one year from the granting of letters. p. 212.

5. WILLS.—*Legacies.*—*Interest.*—*Compound Interest.*—It is only in extreme cases that the court is warranted in compounding the interest on a pecuniary legacy. p. 213.

6. COURTS.—*Judgments.*—*Scope.*—Courts should so frame their judgments as to determine all the rights of the parties, both legal and equitable, within the issues and the facts. p. 214.

7. EXECUTORS AND ADMINISTRATORS.—*Action for Legacies.*—*Liens.*—*Enforcement.*—Where a testator, whose estate consisted prin-

cipally of real estate, left a legacy in a specified sum, with directions to her husband, as executor, to loan said sum and pay the principal and income derived therefrom to the legatee as her need therefor should arise, and left the residue to her husband, and the husband refused to pay such legacy, a judgment for the administrator of such legatee, in an action therefor, in addition to declaring the amount to be a lien against such real estate, should also have included an order requiring the sale of the land or so much thereof as was necessary to pay the legacy. p. 214.

From Boone Circuit Court; *Samuel R. Artman*, Judge.

Action by Robert B. Stimson, administrator of the estate of Lucy Stimson, deceased, against Charles Rountree, executor of the will of Florence B. Rountree, deceased, and others. From a judgment for plaintiff, the plaintiff appeals. *Modified and affirmed.*

*Crane & McCabe* and *R. B. Stimson*, for appellant.
*W. T. Whittington* and *R. H. Williams*, for appellee.

Hottel, C. J.—This is a second appeal in this case. Demurrers were sustained to appellant's complaint in the court below, and on appeal the Supreme Court reversed the judgment and directed the trial court to overrule the demurrers. *Stimson v. Rountree* (1907), 168 Ind. 169, 78 N. E. 331, 80 N. E. 149.

Appellee Rountree, both as executor and in his individual capacity, then filed four paragraphs of answer, the first of which, a general denial, was afterwards withdrawn. Demurrers to the remaining paragraphs were sustained as to the second and third and overruled as to the fourth. Issues were closed by a reply in general denial. Appellant's motion for judgment on the pleadings was overruled and the case tried by the court, which made a general finding in favor of appellant, to the effect that he was entitled, absolutely, to the sum of $3,000 out of the estate of Florence B. Rountree, deceased, with six per cent interest computed from the end of the first year after the death of the testatrix, a total of $4,188; that appellant was not entitled to interest dur-

ing the year beginning at the death of the testatrix; and that said $4,188 should be a lien on the real estate of the testatrix. Judgment on the findings. Appellant's motions to modify the judgment and for a new trial were overruled, and this appeal taken.

The facts in the case, as disclosed by the averments of the complaint, necessary to an understanding of the questions here presented, are, in brief, as follows: Florence B. Rountree died testate in Montgomery county, Indiana, the owner of real estate of the probable value of $12,000, and personal property of the value of $100, leaving no debts or claims of any kind against her estate, except the legacies hereinafter mentioned. Her will, set out in the complaint, in one of its items gives her niece, Mary Stimson, $500. Item two of the will, which is the one involved in this appeal, provides as follows:

"I give and devise, to my niece Lucy Stimson, the sum of Three Thousand (3,000) Dollars out of my estate; said sum to be held by my executor hereinafter named, in trust for said Lucy Stimson, who is an invalid, and likely to remain so during her life, and in consequence thereof likely to need portions of the principal of said sum from time to time; it being my desire that in case she needs any portion of said principal sum from time to time, it be furnished to her as the need therefor may arise. Said sum, or the portions remaining; to be loaned by my said executor with safe and sufficient security and the income therefrom as well as portions of the principal thereof, to be paid to my said niece as her comfort and welfare may require from time to time: It being my will, however, that said sum of Three Thousand (3,000) Dollars shall be the absolute property of my said niece Lucy Stimson, the same being thus placed in trust for her in order that it may thereby be the more certainly applied to her needs from time to time as above provided. In case, however, she does not survive my husband, Charles Rountree, and my niece, Mary Stimson, her sister, named in item one of this will, then upon her (the said Lucy's) death, said sum or the portion thereof then remaining, shall be divided equally between my said husband, Charles Rountree,

and my said niece, Mary Stimson; and if at the time of the death of the said Lucy, my said husband, Charles Rountree, shall not then be living, in that case, the half of said sum he would have taken had he then been living, shall go to my sister, Edna B. Stimson, and if neither my sister nor my said husband be living, at the time of the death of said Lucy Stimson, then in that case, the said Mary Stimson shall take the whole of what is remaining of said sum mentioned in this item.''

Item three of the will, gives, devises and bequeaths to her husband, Charles Rountree, all the residue of her property of every kind and character, whether real, personal or mixed; and item four nominates and appoints said husband, Charles Rountree, the executor of the will.

On February 12, 1902, said will was probated in said court, and Charles Rountree appointed and qualified as executor thereof. All the persons named as legatees in said will survived the testatrix, and all except Lucy Stimson were still living when appellant filed this action. Lucy Stimson died April 5, 1903, in Vigo county, intestate, and her father, Robert B. Stimson, qualified as administrator of her estate, and brought this action to recover the legacy mentioned in item two of said will. Immediately after the death of said testatrix, Florence Rountree, her said husband, Charles, took possession of all the property left by said decedent at the time of her death, disposed of by said will, and has converted the same, with all the rents and profits thereof, to his own use, and has continuously since the death of said testatrix remained in the possession and enjoyment thereof. The rents and profits of said property, during the period of said Charles Rountree's possession, were of the annual value of $1,000. The only bond given by said Charles Rountree was a bond for $200 only, which bond was given by him as executor of said will; that ''he wholly failed to qualify or give bond as trustee of the three thousand dollars given by said will to said Lucy Stimson, or, to invest for or pay to her said money or any part thereof, or. any interest thereon.''

The former appeal in this case settled the question that the bequest of the $3,000 was an absolute gift to Lucy B. Stimson, and that the attempted disposition by the testatrix of so much of the same as might be left at the death of said Lucy was void, for repugnancy. Pursuant to that decision, the court below overruled the demurrer to the complaint, which had been before sustained, and on the trial rendered a judgment for appellant for $4,188.

Appellant assigns as error the ruling of the court in overruling the demurrer to the fourth paragraph of answer filed by Rountree, both as an individual and as executor.

1. We are of the opinion that any evidence admissible under this answer was admissible under the general denial, and it appears from the record in this case that no harm could have come from such ruling, if erroneous. In this connection we may say that all the errors assigned and relied on by appellant present in one form and another the question of whether appellant was entitled to have included in his judgment an additional year's interest, which turns on the question of whether interest should have been calculated on said $3,000 from the death of the testatrix.

As a general rule, a general legacy, with no time of payment specified, "will draw interest only after the expiration of a year from the death of the testator." *State, ex rel.,* v. *Crossley* (1879), 69 Ind. 203, 211; *Case* v. *Case* (1875), 51 Ind. 277; 2 Williams, Executors (5 Am. ed.) 1283; *Lupton* v. *Coffel* (1911), 47 Ind. App. 446, 94 N. E. 799, 801; *Clark* v. *Helm* (1891), 130 Ind. 117, 119, 29 N. E. 568, 14 L. R. A. 716; *Brown* v. *Bernhamer* (1902), 159 Ind. 538, 540, 65 N. E. 580. For similar holdings in other jurisdictions see *Redfield* v. *Marvin* (1906), 78 Conn. 704, 708, 63 Atl. 120; *Estate of Eichelberger* (1898), 7 Pa. Super. Ct. 401, 404; *Warwick* v. *Ely* (1899), 59 N. J. Eq. 44, 47, 44 Atl. 666; *Gray* v. *Case School, etc.* (1900), 62 Ohio St. 1, 56 N. E. 484.

In enumerating classes of debts and liabilities of a decedent's estate, and fixing the order of payment, general "Legacies" occupies the last, or eighth place. §2901 Burns 1908, §2378 R. S. 1881. Section 2904 Burns 1908, §2381 R. S. 1881, postpones the payment of general legacies by the executor or administrator until "after the expiration of one year from the granting of letters". Sections 2902, 2903 Burns 1908, Acts 1883 p. 158, §2380 R. S. 1881, provide a method of securing the payment of a portion of such legacy, under certain conditions, "at any time previous to the settlement of such estate." It is not claimed that any application was made to the court under these sections of the statute for the payment of said legacy, or any portion thereof, before the expiration of the year after the death of the testatrix. It seems manifest from the above authorities and the sections of the statute that the court below correctly refused to allow interest on said legacy until after the expiration of the year from the death of the testatrix, unless, by her will, she expressed or indicated a different intent. In fact, appellant, in effect, concedes the rule to be as above announced, but insists that an intent on the part of the testatrix in this case is evidence by said item of the will in question to provide "that an immediate income should accrue out of the $3,000 for the benefit of Lucy Stimson in case the principal sum was not paid to her."

We can see nothing in the language of this item of the will that indicates such intent. If the testatrix had so intended, it would have been easy for her, by appropriate and unambiguous language, to fix the time of payment of such legacy, or expressly charge the same with interest from the date of her death. To our mind, the language of this item of the will, if it can be said to indicate any intention on the part of the testatrix other than to provide a general legacy, with provisions directing the executor to loan the same and pay the principal and income derived therefrom, as needed, etc., indi-

cates that the testatrix did not intend to require the trustee to loan the money immediately on her death, but contemplated that he might pay out, under the provisions of said item of the will, a part of the principal before loaning the same. We cannot attach any other meaning to the clause "said sum *or the portions thereof remaining* to be loaned," etc. This item gives $3,000 out of the estate of testatrix, with no time of payment fixed, and says nothing about the payment of interest on said sum out of said estate from the date of the death of the testatrix. The interest or income was to come from the $3,000, and not from the estate of the testatrix.

The facts that the estate of the testatrix consisted entirely of real estate, that she had no ready funds out of which the legacy could be paid immediately on her death, and that the residue of her estate, after the payment of the legacies, was given to her husband, who was made executor of her will, lend support to the idea that the testatrix did not intend to charge the legacy with interest from her death. We can see nothing in the wording of this item of the will that necessarily indicates an intention on the part of the testatrix to fix the time of payment of said legacy, or the time when the same should be loaned and interest charged thereon, and therefore nothing to take it out of the class of general legacies contemplated by the above statute, postponing payment thereof until after the expiration of one year from the granting of letters. This conclusion is, we think, supported by the decisions of courts of all jurisdictions having a statute similar to our own.

It is further contended by appellant that interest should be calculated on the $3,000 from the death of the testatrix with "annual rests." It is only in extreme cases that this court is warranted in compounding interest. The facts of this case do not warrant the application of this rule. *Niles* v. *Board, etc.* (1846), 8 Blackf. 158, 159; *Dufour* v. *Dufour* (1867), 28 Ind. 421, 426; *Peelle* v.

*State, ex rel.* (1889), 118 Ind. 512, 518, 21 N. E. 288; 18 Cyc. 263.

Appellant next insists that under the issues and the proof made thereunder he was entitled to a personal judgment against Charles Rountree, a decree of foreclosure to satisfy the lien declared on the land, and an order compelling the executor to make the money out of the land and pay it to appellant without delay, and that his motion to modify the judgment should have been sustained in these respects.

To the end that litigation may be concluded and the rights of the parties finally settled, the courts should so frame their judgments as to determine all the rights of the parties, both legal and equitable, within the issues and the facts. *Spidell* v. *Johnson* (1891), 128 Ind. 235, 239, 25 N. E. 889; *Faught* v. *Faught* (1884), 98 Ind. 470, 472.

We think this case is one in which, under the issues and evidence, this court is warranted in bringing to its aid the equitable principle above announced, and that we should so modify this judgment as to give to appellant a complete remedy both legal and equitable, so that he may be certain of the collection of his judgment without delay and without further litigation.

The declaring of a lien on the land for the amount of the judgment does not give this relief. We think the trial court should have gone further and ordered the executor to sell the land on which the lien was declared, or so much thereof as was necessary to create the fund with which to pay this legacy, if the residuary legatee, the executor, did not within thirty days from the final determination of the cause make such payment. In this connection it is insisted by the appellees that the proof showed the residuary legatee had made arrangement with himself as executor to furnish this fund. There was no showing that the money had ever been in fact turned over to the executor, or any report of the same made to the court. If Mr. Rountree, as

residuary legatee, has turned to himself as executor the funds with which to pay such legacy, a fact which we understand the proof does not show, he can in no way be harmed by the modification of the judgment above suggested. On the other hand, if said funds have not in fact been provided, the judgment in this case should make certain that they will be promptly provided by a sale of the real estate against which such legacy is a charge.

Appellees have filed a cross-assignment of error. The questions attempted to be raised by the cross-assignment have been settled and adjudicated in the appeal of Stimson v. Rountree, supra.

The judgment below is therefore affirmed, subject to the condition that it shall be so modified as to provide for and contain therein an order on the executor herein to sell the real estate on which the judgment is declared to be a lien, or so much thereof as may be needed for such purpose, and to apply the funds derived from such sale to the discharge of such judgment, such sale of such real estate to be made only in case the residuary legatee does not, within thirty days from the date this opinion is certified down to the court below pay and discharge appellant's judgment herein, the costs of this appeal to be taxed one-half to appellees and one-half to appellant.

NOTE.—Reported in 99 N. E. 439. See, also, under (1) 31 Cyc. 358; (2) 40 Cyc. 2094; (4) 40 Cyc. 2089; (5) 40 Cyc. 2106; (7) 40 Cyc. 2059. As to when a conditional legacy begins to bear interest, see 136 Am. St. 476. As to the time from which general pecuniary legacies draw interest in the absence of a governing provision in the will, see 6 Ann. Cas. 525; Ann. Cas. 1912 B 244.