Case v. Case.

CASE v. CASE.

WILL. — *Interest on Legacies.* — *Widow.* — It is a general rule that where a general legacy is given, no time of payment being specified, it will draw interest only after the expiration of a year from the death of the testator; but there are exceptions to the rule; as, where a husband, indebted fifteen thousand dollars, owning stocks, bonds, notes and mortgages of the value of fifty-seven thousand dollars, thirteen hundred acres of unimproved real estate and a family residence, by his will gave to his wife, in lieu of her interest in his estate provided by statute, the family residence, with the furniture and personal property thereof, also, eight thousand dollars in money, the payment of which was made a charge on the residue of his estate, and gave to his son all the residue of his estate, the personal estate, which was earning and bearing interest and dividends, being equally with the real estate, and perhaps primarily, bound for the payment of the eight thousand dollars, that legacy should have been paid to the widow with interest from the date of the testator's death. .

SAME.—*Contest of Will.*—The right of a widow to what her deceased husband's will gives her is not affected by her unsuccessful contest of the will.

From the LaPorte Circuit Court.

*Thornton & Orr* and *L. A. Cole*, for appellant.

*J. B. & W. Niles*, for appellee.

WORDEN, J. — Complaint by the appellee, Camilla C. Case, against the executors of the last will of Aurora Case, deceased, and the appellant, Decatur E. Case, who was the residuary legatee of the testator, to recover interest for one year on a legacy of eight thousand dollars, bequeathed to her by the testator. The appellee was the widow of the testator. Such proceedings were had as that the claim was

allowed, the interest being computed at the rate of six per cent.

Decatur E. Case alone appeals.

The court, before whom the cause was tried, made the following special finding of the facts, viz.:

"Said Camilla C. Case is the widow of Aurora Case, deceased, and the defendant Decatur E. Case is his son and residuary legatee, and the other defendants are his executors. Said Aurora made his last will and testament on the 30th day of September, 1872, which has been duly admitted to probate, and died in LaPorte county, Indiana, on the 7th day of October, 1872. Said will contained the following, amongst other provisions: '1. I direct that my just debts be paid. 2. I give, devise and bequeath to my wife, Camilla C. Case, my residence in LaPorte, being lots 182 and 183, in said city, together with the buildings and improvements thereon situate, and the furniture and personal property thereon situate, and which is used or was intended to be used thereon; also eight thousand dollars in money, which is made a charge on the residue of my estate.' And by said will said testator bequeathed and devised all the residue of his estate, real and personal, to said Decatur E. Case. At the time of his decease and of the date of said will, said testator was indebted to the amount of fifteen thousand dollars, and owned bank stock and bonds, notes and mortgages, to the amount of fifty-seven thousand dollars, all of which were good and collectible, and fifty thousand dollars of which was earning and bore interest or dividends at the rate of ten per cent. per annum or upwards, payable annually or semi-annually; and the residue of which earned and drew such interest at the rate of six per cent. per annum; and he also owned real estate in the states of Indiana, Wisconsin and Minnesota, and in the city of Chicago, to the amount of thirteen hundred acres, all of which was unimproved, except one farm in LaPorte county.

"Said Camilla, at the time of the death of her said husband, had no means of support other than said legacy, except

that she continued to reside in said dwelling-house and use the things on said lots, as intended for use thereon, but which brought her no income. At least twenty-five thousand dollars of said stocks and securities were at any and all times convertible into cash at or above par and at their full cash value.

"And the court finds that said will made no other provision for the support of said Camilla than that before mentioned, and contained no other provision in regard to her than that above recited; and the court finds, therefore, as a fact, that said legacy and devise to said Camilla were in lieu of dower (or the wife's share under the statute), and that eight thousand dollars in amount, and no more, was paid to said Camilla at the end of one year from the death of said testator, and not before, during which year any eight thousand dollars in amount of said fifty thousand dollars had earned and accumulated interest and dividends to the amount of eight hundred dollars."

The court found, as a conclusion of law, that the appellee was entitled to interest at the rate of six per cent. on the eight thousand dollars for the year, and rendered judgment accordingly.

This judgment, we think, was right. It may be conceded to be the general rule, that where a general legacy is given, no time of payment being specified, it will draw interest only after the expiration of a year from the death of the testator. 2 Wms. on Ex'rs, 5th Am. ed., 1283, and notes.

But the rule has exceptions. Thus in note *p*, at the cited page of the authority above quoted, it is said: "Where a legacy is charged upon real property, and no day of payment is mentioned in the will, interest will be given from the testator's death. *Maxwell* v. *Wettenhall*, 2 P. Wms. 26; *Stonehouse* v. *Evelyn*, 3 P. Wms. 252; *Spurway* v. *Glynn*, 9 Ves. 483."

In the case of *Maxwell* v. *Wettenhall*, cited in the above note, several points were resolved, two of which only have application here.

"1. If one gives a legacy charged upon land which yields rents and profits, and there is no time of payment mentioned in the will, the legacy shall carry interest from the testator's death, because the land yields profit from that time.

"4. If a legacy be given out of a personal estate, consisting of mortgages carrying interest, or of stocks yielding profits, half yearly, it seems in this case the legacy shall carry interest from the death of the testator."

In *Spurway* v. *Glynn*, the testator had devised to trustees certain real estate, to the intent and purpose that the trustees should, by demise, sale, or mortgage of his real estate to them devised, or any part thereof, or by or out of the rents and profits, borrow or take up at interest, or raise or levy, with all convenient speed after his decease, the sum of four hundred pounds sterling, and pay the same to the plaintiff. The plaintiff was held to be entitled to interest from the death of the testator.

In the case in judgment, the legacy to the appellee was charged upon the residue of his estate after the payment of his debts, and after the devise to her of the residence, etc.

The real estate does not appear to have been improved, except the farm in LaPorte county, and, except the farm, cannot be supposed to have yielded any rents and profits. But the personalty, which was equally, and perhaps primarily, bound for the payment of the legacy, was drawing interest or dividends exceeding the rate allowed by the court, which was the legal rate in the absence of any special contract.

We are of opinion, both on principle and authority, that a legacy in such a case should bear interest from the time of the testator's death.

A point is made by the appellant, that the appellee instituted and carried on an unsuccessful action to set aside the will on account of alleged unsoundness of the mind of the testator, thereby embarrassing the executors in the discharge of their duties, delaying the settlement of the estate and putting it to great expense in defending the suit.

We see nothing in all this that should prevent her from

recovering the interest. She had a right to contest the will, and, being defeated in that, to claim whatever the will gave her. Her contest of the will, and the delay occasioned thereby, did not prevent the accumulation of interest on the bonds and notes, or the realization of dividends on the bank stocks.

The judgment below is affirmed, with costs.