<hr />

## THE STATE, EX REL. BROWN, v. CROSSLEY ET AL.

WILL.—*Legacy —Ademption.*—Where one who has made his will giving a legacy to a child, afterward, during his life, gives a portion to.or makes provision for such child, it will be deemed, even if not so expressed, an ademption or satisfaction of such legacy, if the circumstances indicate that intention, if it is not less than the legacy, if it is certain and of the same general nature ; but, where there is a great disparity between the gift made *inter vivos* and such legacy, the amount of the legacy being largely in excess of the amount of the gift, such gift can not be regarded as either a portion or an advancement, within the legal meaning of those terms, which will operate as an ademption or a satisfaction *pro tanto* of the legacy, unless the testator, in making the gift, declare his intention, or unless the circumstances clearly indicate such intention, that such gift shall so operate.

SAME.—*Interest on Legacy.*—Where a general legacy is given, and no time of payment is specified, it will draw interest after the expiration of one year from the death of the testator.

SAME.—*Revocation.—Evidence.*—Upon the execution of the last will of a testator, a former will executed by him is revoked and becomes invalid and mere waste paper, and is not competent evidence for any purpose.

INSTRUCTION.—*Burden of Proof.*—Where, on the pleadings in a cause, the burden of an issue is upon the defendant, it is error for the court, in its instructions to the jury, to cast the burden of such issue upon the plaintiff.

From the Hancock Circuit Court.

*J. A. New* and *I. P. Poulson,* for appellant.

*W. R. Hough,* for appellees.

HOWK, C. J.—This was a suit by the appellant's relatrix, against the appellees, on an execuior's bond executed by them to the State of Indiana, on the 30th day of March, 1869, in the penal sum of nine thousand dollars, and conditioned that the appellee Corydon W. Crossley should faithfully discharge the duties of his trust, as executor of the last will and testament of Conrad Crossley, deceased, according to law. In her complaint on said bond, the appellant's relatrix alleged, in substance, *inter alia,* that the last will and testament of said Conrad Crossley, deceased, on the day last named, was duly admitted to probate in the proper court of Madison county, Indiana, and that on the same day the appellee Corydon W. Crossley was duly appointed by said court as the executor of said will, and duly qualified as such executor and took upon himself the execution of said will; that the appellant's relatrix was one of the children of said Conrad Crossley, and the person referred to in the fourth item of said will, as Sarah Brown; that, by said fourth item of said will, the testator bequeathed to the relatrix. $900; that the said executor, Corydon W. Crossley, had not faithfully discharged the duties of his said trust, in this, to wit:

1.   That, although after he became such executor, to wit, on the 30th day of March, 1869, there came into his hands the sum of $5,000, and solvent notes to the amount and of the value of $5,000, which were all collected by him, all of said money and notes were assets of said testator's estate, out of which it was the duty of said executor to pay the relatrix her said legacy of $900, and interest thereon in the sum of $100; yet that the said executor had failed and refused to pay the relatrix her said legacy and

interest, although a proper demand had been made therefor before this suit was commenced, and that the same to the amount of $500 remained unpaid.

2. And in this, that the said testator, at the time of his death, was the owner of personal property to the amount of $10,000, which it was the duty of said executor, under the said will, to take into his possession, and inventory and safely keep the same for the benefit of the relatrix, who had an interest therein, by virtue of said will and the statute of descents, in the sum of $1,000; yet the relatrix said that the said executor, disregarding his said trust, had failed and refused to take charge of said personal property as assets of said estate, and to make and file an inventory of the same, and had converted the same to his own use, and suffered the same to be sold, and lost and destroyed; whereby the said estate had been damaged in the sum of $10,000.00, and the relatrix in the sum of $500.00, and by means whereof the relatrix had been damaged in the sum of $1,000.00, which remained unpaid. Wherefore, etc.

To this complaint the appellees answered in five paragraphs, of which the first was a general denial, and each of the other paragraphs stated special matters by way of defence. The appellant's relatrix demurred, for the want of facts, to each of the affirmative paragraphs of answer, which demurrers were overruled to the third paragraph, and were sustained to the second, fourth and fifth paragraphs of said answer. To the third paragraph of answer the appellant's relatrix replied by a general denial.

This action was commenced in the Madison Circuit Court; but after it had been put at issue as herein stated, on the application of the relatrix, the venue thereof was changed to the Hancock Circuit Court.

In this latter court, the issues joined were tried by a jury, and a verdict was returned for the appellees, the defendants below. The motion of the appellant's relatrix

for a new trial was overruled, and to this ruling she excepted; and the court rendered judgment on the verdict for the appellees, for their costs.

In this court the only error assigned by the appellant's relatrix is the decision of the circuit court in overruling her motion for a new trial. In this motion, she assigned the following causes for such new trial:

1. The verdict of the jury was not sustained by sufficient evidence;

2. The verdict of the jury was contrary to law;

3. The verdict was contrary to the law and the evidence;

4. Error of the court in giving, of its own motion, each of its instructions, Nos. 1, 2 and 3;

5. Error of the court in permitting the appellees, over the objections of the relatrix, to read in evidence what purported to have been a former will of the testator, mentioned in the evidence as "Exhibit C;"

6. Error of the court in refusing to require the jury to answer the interrogatory put by the appellant's relatrix, and require them to return their answer thereto with their general verdict; and,

7. Error of the court in refusing to give the jury instruction numbered one (1).

Before considering any of the questions arising under the alleged error of the court, in overruling the motion of the appellant's relatrix for a new trial, it is proper that we should give the substance of the third paragraph of the appellees' answer. In this third paragraph, the appellees fully stated the facts which constituted their supposed defence to this action. They admitted therein, that Conrad Crossley had died testate, as alleged in the complaint; that his last will and testament had been duly admitted to probate in the Madison Circuit Court; that the appellee Corydon W. Crossley had been duly appointed and qualified as executor, and had taken upon himself the

execution of said will; and that, under the fourth item of said last will, the testator had bequeathed to his daughter, Sarah Brown, the appellant's relatrix, the legacy of $900, mentioned in her complaint. The appellees alleged in said third paragraph of their answer, that, beyond her said legacy of $900.00, the relatrix had no other or further interest in the personal property belonging to said testator's estate, for the reason that the same was all disposed of, by the testator's will, to other persons; and that her said legacy had been fully paid to the relatrix, in the manner following, to wit, by the advancement to her by the testator, after the execution of his said will and before his death, of the sum of one hundred dollars, which said advancement of said sum was intended as an ademption of a like amount of her said legacy, and the residue of said legacy, to wit, the sum of $800.00, had been fully paid to the relatrix by the said executor, Corydon W. Crossley, in certain payments, giving the date and amount of each payment.

We pass now to the consideration of the several questions presented for our decision by the learned counsel of the relatrix, in their able and exhaustive brief of this cause; and these questions we will take up and pass upon, as nearly as we can, in the same order in which counsel have presented them. It is earnestly insisted by the counsel of relatrix, that the verdict of the jury was not sustained by sufficient evidence; and, upon this point, we think they are fully supported by the record. It was shown by the evidence, that the testator, Conrad Crossley, by the fourth item of his last will, had bequeathed to the relatrix a legacy of nine hundred dollars. Of this legacy it was not claimed by the appellees, and the evidence did not show, that the executor, Corydon W. Crossley, or any one in his behalf, had ever paid the relatrix any more in the aggregate than the sum of $800.00. Of the residue of said legacy, to wit, the sum of $100.00, it

was alleged by the appellees, as we have seen, in the third paragraph of their answer, that the testator, after the execution of his said will and before his death, advanced the said sum to the relatrix, and that this advancement was intended as an ademption of a like amount of her said legacy. The only evidence in the record bearing upon this allegation of the appellees' answer was the evidence of the relatrix, as a witness in the cause. She was called as a witness by the appellees, and testified as follows :

"My father never paid me a cent of money in his life. He gave me some money, Sunday evening, when I was leaving his house. He handed me some money, and said he, 'Sade,' or 'Sallie, take this,' and I took it and thanked him for it, and he said I was welcome. I took it home and counted it, and there was just $100.00 of it. I think this was the latter part of the winter or first of spring, 1867. I don't know whether or not the will was then made. He never said anything to me about the will. There was no person present but him and me. I never heard my father mention a will. He has, in his time, given me $200.00. I don't know when it was that he gave me the first $100.00. I can't say how long between the two one-hundred-dollar receipts. I would say fully a year and probably longer. These two one hundred dollars are all he ever gave me of any amount. There was never anything said between me and my father after he paid me the last $100.00, about it." On cross-examination, she further testified: "I went Sunday morning to see father, and Sunday evening he was lying on the lounge, and he gave me the money and did not even say how much it was. I have given all he said."

It seems to us that the one hundred dollars given the relatrix by the testator, in his lifetime, under this evidence, can not be regarded as an ademption of a like amount of her legacy, under his will, for the reason that the evidence utterly fails to show that the tes-

tator, in making such gift, intended that it should operate as such an ademption. The rule upon this point, as we understand it, is, that where one who has made his will giving a legacy to a child, afterward, during life, gives a portion to, or makes provision for, such child, it will be deemed, even if not so expressed, an ademption or satisfaction of such legacy, if the circumstances indicate that intention, if it is not less than the legacy, if it is certain and of the same general nature; but, if the difference between the gift *inter vivos*, and the legacy named in the will, be large and important, then the presumption of an intention to substitute the portion for the legacy ought not to and will not be allowed to prevail. *Weston* v. *Johnson*, 48 Ind. 1; Story Eq., sec. 1111; *Stokesberry* v. *Reynolds*, 57 Ind. 425. It can not be questioned or denied, we think, that there is much confusion and uncertainty, both in the reported cases and in the legal text-books, in regard to the question we are now considering. This has arisen in part, perhaps, from an inapt use of words, or from giving or attempting to give to words of a technical import and use their plain and ordinary meaning. Thus, the word " portion," which is so often used with reference to the gift *inter vivos* which shall operate as an ademption of a given legacy, is clearly a word of technical import, when used in that connection. It is generally used for the purpose of indicating or signifying that part of a person's estate which a child would be entitled to upon the death of such person, but which has been given to the child by such person while living, as an advancement or provision. Where, as in this case, there is great disparity between the gift made *inter vivos*, and the legacy to the child bequeathed in the will, the amount of the legacy being largely in excess of the amount of the gift, it seems to us that the gift can not be regarded as either a portion or an advancement, within the legal meaning of those terms, which will operate either as

an ademption or a satisfaction *pro tanto* of the legacy, unless the testator, in making the gift, declare his intention, or unless the circumstances clearly indicate such intention, that such gift shall so operate. On this point, therefore, we conclude, as we began, with the opinion that the evidence in the record fails to show that the testator intended, in giving said sum of $100.00 to the relatrix, under the circumstances, that such gift should operate as an ademption or satisfaction of a like amount of the legacy bequeathed to her in his will.

We think that the verdict of the jury, in this case, was not sustained by the evidence, for another reason. The appellee Corydon W. Crossley, on the 30th day of March, 1876, qualified as the executor of the testator's will, and entered upon the discharge of the duties of his trust. On the trial of the cause, and for the purposes of such trial, "it was agreed between the parties, that the defendant Corydon W. Crossley is executor of the last will and testament of Conrad Crossley, deceased, and that he has all the time had sufficient assets with which to pay all the debts of said decedent, and all the legacies provided for by said will, and that the executor has paid the plaintiff, upon her legacy, eight hundred dollars, as follows: Oct. 11th, 1869, $400 00; Oct. 13th, 1869, $150.00; Sept. 19th, 1870, $100.00; Nov. 14th, 1870, $50.00; Dec. 22d, 1870, $100.-00. That said testator died the 12th day of March, 1869, and that this executor was appointed as such on the 30th day of March, 1869. Said facts, so agreed upon, being considered as evidence in said cause."

Upon these agreed facts, and the law applicable thereto, it is urged by the attorneys of the relatrix, that, even upon the theory of the ademption or satisfaction, by the testator in his lifetime, of the sum of $100.00 of the legacy to the relatrix named in the will, and that there remained of said legacy, to be paid by the executor, the sum of $800.00 and no more, the verdict of the jury was contrary to the law

and the evidence. This point, we think, is well taken. It was admitted by the appellees as a fact, that the executor had at all times the means in his hands, wherewith to pay the relatrix her legacy. In such a case, the general rule of law is, that where a general legacy is given, and no time of payment is specified, it will draw interest after the expiration of one year from the death of the testator. 2 Williams on Ex'rs, 5th Am. ed., 1283, and notes. This rule was recognized and approved by this court in the case of *Case* v. *Case*, 51 Ind. 277. Under this rule, it will be seen from the facts agreed upon, that the relatrix was clearly entitled to interest at the rate of six per centum per annum, on all of her legacy remaining unpaid on the 12th day of March, 1870, from and after that day, deducting payments thereafter made. It follows, therefore, that the verdict of the jury, in this case, was contrary to the law and the evidence.

Over the objections of the relatrix, the appellees were allowed by the court to give in evidence a paper writing, purporting to be a former will executed by the testator about one year prior to the execution of the will which was admitted to probate after his death. It seems to us that the court clearly erred in the admission of this old will. It was not competent evidence for any purpose. Upon the execution of the later will, the former one was revoked and became invalid and mere waste paper. The inferences attempted to be drawn from the old will and the later one, we think, were unsound and fallacious. In the old will, the testator appeared to have given the relatrix and her two sisters each the sum of $1,000.00, and in the later will only $900.00 each. After the execution of the former will, he gave the relatrix the first $100.00 ; and it is argued that, because the testator only gave her $900.00 in the later will, therefore he must have charged her with the first $100.00 as an advancement, and, as the first $100.00 was thus treated by the testator,

so he must have intended the second $100.00 as an ademption *pro tanto* of the legacy in the later will. We think this argument is unsound. From the fact that the legacies to each of his three daughters appear to have been reduced in precisely the same amount, it would be much more reasonable to infer that the change was made in the amount of these legacies, on account of some real or imaginary depreciation of the testator's estate. We know of no rule of evidence which would authorize or justify the decision of the court in the admission of the old will as evidence, in this cause. *Harness* v. *Harness*, 49 Ind. 384.

The court instructed the jury as follows : " The presumption of law is, that the $100.00 paid was intended as a payment of so much of the legacy. And if there is no evidence or circumstances tending to rebut the presumption, you should so regard it as a payment of so much on the $900.00 legacy." We think this instruction to the jury was clearly erroneous. As applicable to the case made by the evidence, the payment of the $100.00 by the testator to the relatrix, *inter vivos*, was not intended, under and by force of any presumption of law, as a payment of so much of the legacy. In commenting upon the evidence, we have already said all that we desire to say in regard to the law which, we think, is applicable to this case. There is no presumption of law, that the $100.00 given by the testator in his lifetime to the relatrix was intended by him as a payment *pro tanto* of her legacy. It was alleged by the appellees, in the third paragraph of their answer, that this $100.00 was intended as an ademption of a like amount of the legacy; but this was denied by the relatrix, and the burthen of this issue was on the appellees. Therefore, the court erred in instructing the jury, as it did in effect, that unless the relatrix had shown by evidence or circumstances, that the testator did not intend the $100.00 as a payment of a like amount of her legacy, the

jury must find that the $100.00 was a payment of so much of the legacy. The burthen of the issue was thus cast upon the relatrix, and she was required to prove by evidence or circumstances the negative of such issue. This was certainly erroneous.

For the reasons given, we are clearly of the opinion, that the court erred in overruling the motion of the appellant's relatrix for a new trial.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.