IN RE MCGREGOR'S ESTATE, RAWLEY, EXECUTOR ET AL.
*v.* MCGREGOR ET AL.

[No. 26,441. Filed June 9, 1936. Rehearing denied
October 21, 1936.]

Louis B. Ewbank, John M. Rawley, M. J. Murphy and *Miller & Miller*, for appellants.

*James & Alee, Elbert C. Cotton* and *McTurnan & Higgins*, for appellees.

FANSLER, J.—This is an appeal from an interlocutory order directing the appellant executor to amend his final report and to pay into court the amounts of several specific legacies, with interest thereon from one year after the date of the death of his decedent.

Appellees have moved to dismiss the appeal upon the ground that the judgment is not for the payment of money, since no specific amount is fixed and the amount must be arrived at by computing the amount of interest. But this in itself might be urged as a ground for reversing the order or judgment on appeal. It is also contended that John M. Rawley as an individual has no interest in reversing the order. But the record shows that a former report was approved, and that the executor reported payment of the legacies in question without interest, and disposition of the residue of the estate, and it is contended that he will be personally liable unless he can recover disbursements formerly made under the order of the court. He appears to have sufficient interest to be entitled to be heard upon the question of whether or not the order is erroneous. The motion to dismiss is overruled.

The will of Belle F. McGregor, after making numerous specific bequests to be paid in cash, provides that: "All of the above named legacies and requests mentioned in this my Will, shall be paid in full before any other legacy hereinafter bequeathed by this my Will, or any codicil thereto be paid." In the next item it is provided

that: "After each and all of the above named legacies and bequests shall have been paid in full, . . . I will, devise and bequeath the sum of One Hundred Thousand Dollars," in trust, for the purpose of building and maintaining a Young Men's Christian Association in the city of Brazil, Ind. And in the next succeeding item, it is provided that: "After each and all of the above bequests shall have been paid in full, I bequeath all the rest and residue of my property . . . to Wabash College."

As against residuary legatees, specific legacies will draw interest after the expiration of a year from the date of the death of the testator. *Case* v. *Case* (1875), 51 Ind. 277; *State ex rel. Brown* v. *Crossley et al.* (1879), 69 Ind. 203; *Lupton, Exr.* v. *Coffel* (1911), 47 Ind. App. 446, 94 N. E. 799; *Stimson, Admr.* v. *Rountree, Exr. et al.* (1912), 51 Ind. App. 207, 99 N. E. 439.

Appellants seem to have no quarrel with this rule, but contend that interest is only chargeable as against the residuary legatee, and that the Y. M. C. A. is not a residuary legatee; and that the rule does not apply where the testator has expressed an intention to the contrary in the will. But the Y. M. C. A. is a residuary legatee. It is as though the will provided that the specific bequests should be first paid, and that out of the residue $100,000 should go to the Y. M. C. A., if so much remained, and if there was more than $100,000 in the residue the remainder should go to Wabash College. In fact, as the estate was liquidated, the entire residue goes to the Y. M. C. A., since there is less than $100,000 left after paying the specific bequests. Appellants' contention as to the intention of the testator is not supported by the terms of the will. The provision of the will relied upon is as follows: "It is my desire that all of the real estate which I own at the time of my death, be sold by my Executor, and I hereby

authorize, direct and empower the Executor of my estate to sell all the real estate of which I may die the owner wheresoever located, execute deed therefor, and collect and hold the proceeds thereof as a part of the funds of my estate; I also authorize the Executor of my estate to convert all of my personal property into money, and all the moneys derived from the sale of my real estate and all moneys held by my Executor from any and all sources, shall be paid out by my Executor as hereinafter set out in the different provisions and items of this my will." Appellants stress the words "collect and hold the proceeds." But the language of the will cannot be construed as authorizing the executor to hold and invest or manage the funds of the estate so as to increase its value or the amount that will be left for the residuary legatee. The clause also contains a provision that: "All moneys held by my Executor from any and all sources, shall be paid out." No time is fixed within which these funds shall be paid out. It is the policy of the law that estates shall be settled as speedily as possible. It is true that there are sometimes unavoidable delays in liquidating estates. It is also true that delays for the purpose of securing a better price for real estate or other assets often fail to accomplish that purpose, and if the purpose is accomplished it is generally a benefit only to the residuary legatees, so that the payment of specific bequests in such cases is delayed for the benefit of the residuaries. In *Case* v. *Case, supra,* there was a delay occasioned by a will contest brought by the widow, to whom a specific bequest of money was made. It was held that this should not alter the rule that she was entitled to interest on the bequest. The cases from other jurisdictions cited by appellants are all based upon an expressed or implied intention upon the part of the testator that interest shall not be paid, or that liquidation of the assets be deferred until advan-

tageous prices may be had. No such intention is expressed or to be inferred from the language of the will in question.

Judgment affirmed.

Hughes, J., not participating.