ALIG, EXECUTOR. *v.* LEVEY, TRUSTEE.

[No. 27,673. Filed February 2, 1942. Petition to modify mandate denied March 16, 1942.]

F. *Neal Thurston, Henry M. Dowling, John J. Gould,*
and *Delos A. Alig,* all of Indianapolis, for appellant.

*Joseph J. Daniels* and *G. R. Redding,* both of Indianapolis (*Baker, Daniels, Wallace & Seagle,* of Indianapolis, of counsel), for appellee.

SHAKE, C. J.—Louis H. Levey died testate September 9, 1934. Item VII of his will provided:

"I give and bequeath the sum of Thirty Thousand Dollars ($30,000.00), par value of United States bonds, known generally as Fourth Liberty Loan 4¼% bonds, unto my wife, Meta C. Levey, of Indianapolis, Indiana, as Trustee, in trust, and for and upon the following uses, trusts and purposes, and subject to the following terms, conditions, and powers, viz; Said Trustee shall receive, take, hold and control said thirty thousand dollars par value of Fourth Liberty Loan Bonds, and shall receive and collect the income therefrom, and after paying all reasonable and necessary expenses connected with the administration of said trust, said trustee shall pay the net income therefrom in monthly installments of equal amount, or as nearly equal as possible, to Louie Bell Rugg, a long time employe in my household, during the term of the natural life of said Louie Bell Rugg. The trust hereby created shall cease and determine upon and with the death of said Louie Bell Rugg, and upon and with her death, said trustee shall make over, convey, assign and deliver, by title absolute and free from all trusts, the securities then constituting said trust estate upon my beloved wife, Meta C. Levey, if she shall then be living, and if she is not then living, said securities shall be distributed to exactly the same persons and/or corporations as though said securities had been part of my residuary estate and had passed under the provisions of Item XVI of this will. My said trustee shall have the same powers of investment and reinvestment, and the same exemption from liability, as are conferred by Item XIV of this will upon the trustee of the trust created by said Item XIV. If at the time of my death I am not the owner of $30,000.00 par value of Fourth Liberty Loan Bonds, then the trust

created by this Item VII of my will shall consist of $30,000.00 par value of bonds or other securities of which I am the owner at the time of my death; such bonds or other securities to be selected from all of the assets in my estate by my Executrix, hereinafter named, and the decision of said Executrix as to which $30,000.00 of bonds or other securities in my estate shall constitute said trust fund shall be final and conclusive."

Item XIV of the will named residuary legatees and further directed:

"I hereby authorize and empower my said trustee at any time and from time to time, to sell any of the securities from time to time constituting a part of said trust estate, and to reinvest the proceeds of any such sale or sales in such manner as my said trustee shall deem best."

The testator's wife, Meta C. Levey, was named as executrix and she qualified as such. The estate is solvent.

On September 6, 1935, the trust created by Item VII of the will was docketed in the Probate Court. Louie Bell Rugg, named in Item VII, died on July 14, 1936, and the appellant is the personal representative of her estate.

At the time of the testator's death he owned $190,000 in 4¼ per cent. Fourth Liberty Loan bonds, $30,000 of which passed to the trustee under Item VII. All but $15,000 of these bonds were called by the government during the year of administration and those remaining, shortly thereafter. The proceeds of the redeemed bonds were reinvested in United States Treasury notes which provided for interest at the rate of 3⅛ per cent.

On March 8, 1937, the trustee filed a final report showing that she had paid to Louie Bell Rugg the net income derived from said trust fund for the period beginning one year after testator's death and ending

with the death of the *cestui que trust*. The appellant excepted to the report upon the theory that the trustee should be required to account to her for the income received from the trust estate from the testator's death. The trial court overruled the exceptions and denied the appellant's motion for a new trial.

Two substantial questions are presented by the record: (1) Is the appellant entitled to the net earnings of the trust estate during the year immediately following the testator's death; and (2) if so, is the appellee chargeable with interest on the trust fund at $4\frac{1}{4}$ or $3\frac{1}{8}$ per cent.? The latter question relates to the transactions by which the proceeds of the Liberty bonds were converted into Treasury notes.

To support the judgment, the appellee relies upon § 6-1304, Burns' 1933, § 3198, Baldwin's 1934, which allows an executor one year after appointment to pay legacies, and also upon the cases which hold that legacies do not ordinarily draw interest until the expiration of one year after the death of the testator. *In re McGregor's Estate, Rawley, Exr.* v. *McGregor* (1936), 210 Ind. 546, 2 N. E. (2d) 395. The appellee concedes that it was within the power of the testator to provide for the payment of the income accruing before the end of the year but contends that the will before us does not so require. We think otherwise. "The general rule is settled that under a bequest of the residue of the testator's estate, or some aliquot part thereof, in trust to pay the interest or turn over the income to a beneficiary for life, the corpus over to another after the beneficiary's death, the life tenant is entitled to rents, issues, profit, or income, unless otherwise provided in the will itself, from the death of the testator, and the beneficiary is entitled to the use or income of the clear residue, as the same may ultimately

be ascertained, from the death of the testator." 33 Am. Jur. Life Estates, Remainders, etc. § 300. The cases supporting this rule are digested in 70 A. L. R. 637 and 105 A. L. R. 1194.

*Stimson* v. *Rountree* (1912), 51 Ind. App. 207, 99 N. E. 439, is cited as laying down a different rule in Indiana. In that case the Appellate Court had before it a will that contained provisions strikingly similar to those found in Item VII. It should be noted, however, that the will involved in the Stimson case had previously been before this court which construed the limitations therein contained as void for repugnancy and held that the bequest was absolute and unconditional. *Stimson* v. *Rountree* (1907), 168 Ind. 169, 78 N. E. 331, 80 N. E. 149. The decision of this court, therefore, became the law of the case and, on the subsequent appeal, the Appellate Court correctly applied the rule that a specific money bequest does not draw interest during the year immediately following the death of the testator. We find nothing in the Stimson case that is in any manner contrary to the general rule stated above.

Statutes similar to § 6-1304, Burns' 1933, § 3198, Baldwin's 1934, which authorize executors to withhold payment of bequests during the year allowed for settlement of estates, are primarily designed for administrative convenience. The rule that general or specific bequests do not draw interest until the end of the year is in harmony with this policy. Such statutes and decisions will not, however, deprive *cestuis*, situated like the appellant's decedent, of the right ultimately to receive the income accruing from trust estates during the year of administration. 70 A. L. R. 637.

Having concluded that the appellant is entitled to prevail, it is proper that we should indicate the measure

of the appellee's liability. At the time of the testator's death the trust fund was invested in Fourth Liberty Loan bonds earning 4¼ per cent. During the year of administration half of these bonds were called for redemption and the proceeds reinvested in United States Treasury notes earning 3⅛ per cent. with a resulting loss of income of 1⅛ per cent. The will authorized the reinvestment of the funds of the trust and we do not regard the purchase of Treasury notes as imprudent.

We are not impressed with the appellant's contention that the trustee is chargeable with interest at the legal rate on account of dereliction of duty; or with that of the appellee to the effect that the parties placed a binding construction on the will by conduct. The will is clear and there is no occasion for resorting to extrinsic evidence to ascertain its meaning.

The judgment is reversed with directions to sustain the appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 39 N. E. (2d) 137.