IN THE MATTER OF THE ESTATE OF SUSANNA I. DARBY, DECEASED, PAMELA HELLSTROM AND EVELYN JOHNSON BROWNE v. ESTATE OF SUSANNA I. DARBY, OLD NATIONAL BANK IN EVANSVILLE, PERSONAL REPRESENTATIVE, STEPHANIE BROWNE SMITH, EVELYN HELLSTROM, A MINOR, AND THE UNBORN AND/OR UNKNOWN REMAINDERMEN AND/OR CONTINGENT BENEFICIARIES UNDER ITEMS THREE AND FOUR OF LAST WILL AND TESTAMENT OF SUSANNE I. DARBY.

[No. 472A166. Filed November 28, 1972. Rehearing denied January 12, 1973. Transfer denied May 23, 1973.]

*John R. Burke, Jr., Bamberger, Foreman, Oswald & Hahn,* of counsel, of Evansville, for appellants.

*F. Wesley Bowers, Michael L. Rogers, Fitzgerald, Bowers, Harrison and Kent,* of counsel, *David V. Miller, Frick, Powell and Miller,* all of Evansville, for appellees.

ROBERTSON, P.J.—The appellant-petitioners (Hellstrom and Browne) are appealing the decision of the trial court which construed provisions of a will in a manner adverse to their interests.

Hellstrom and Browne are income beneficiaries of trusts created by the decedent's will. The particular item of the will creating the trust, reads:

"ITEM THREE

I give and bequeath to the OLD NATIONAL BANK IN EVANSVILLE, EVANSVILLE, INDIANA, IN TRUST, the sum of Five Hundred Thousand Dollars ($500,000.00) for the benefit of my grandniece, PAMELA HELLSTROM, of Stockholm, Sweden, if she is living at the time of my death, who shall receive the income thereof during her life, as hereinafter provided. Said sum shall be set apart by my executors either in cash or in securities at the fair value as determined by my executors, and any such determination so made in good faith shall be binding on all concerned.

(a) The entire net income of the trust shall be paid to my grandniece, Pamela Hellstrom in monthly installments until her death, at which time the corpus and all undistributed income shall vest in and be distributed equally, free from trust to the children of my said grandniece."

Item Four is identical with the exception of designating Browne as the beneficiary. Items Twenty-Nine and Thirty conclude the will with the former equally dividing the residue, in trust, between Hellstrom and Browne. The latter

item provides the trust be funded first in the event assets are insufficient to pay all bequests and legacies in full.

The question sought to be resolved, both in the trial court and here, is whether Hellstom and Browne are entitled to the income from these trusts as of the date of decedent's death. The appellee-respondent (Estate) argues that the questioned income is to be treated as a part of the corpus of the estate, pending the funding of the trusts, and distributed according to the residuary clause of the will. The trial court held that Hellstrom and Browne were not entitled to the income. In so holding, the court relied, in part, upon the following statute:

> "Income during administration.—Unless the decedent's will provides otherwise, all income received by the personal representative during the administration of the estate shall constitute an asset of the estate the same as any other asset and the personal representative shall disburse, distribute, account for and administer said income as a part of the corpus of the estate." IC 29-1-17-7, Ind. Ann. Stat. § 7-1107 (Burns 1953).

The essence of the trial court's decision is that there was no language in the will to remove it from the application of the above quoted statute. It is our conclusion that the trial court was correct.

A reading of the entire will reveals the absence of any express wording regarding the disposition of the income earned between the date of decedent's death and the funding of the trust. However, Hellstrom and Browne maintain that the contrary intent, as required by Ind. Ann. Stat. § 7-1107 (Burns 1953) is manifested in other ways. Examples of this contrary intent are said to be demonstrated by such facts as Hellstrom and Browne being the primary and principal objects of decedent's bounty as evidenced by Items Twenty-Nine and Thirty of the will, and the only condition precedent to the trust is that the beneficiary be alive at the time of decedent's death. Additionally, it is argued Hellstrom and Browne's equitable title to the trust creates an interest

sufficient to receive the income. We are also cited to case law which states that the law favors the early vesting of testamentary estates.

The collective force of these propositions is not sufficient, in our opinion, to persuade us to abandon the application of Ind. Ann. Stat. § 7-1107 (Burns 1953) under the facts of this case. The statute is clear as to its meaning and to hold to the contrary in the instant case would substantially dilute the uniformity being sought by the enactment of such statutes. It certainly is but a simple matter for a testator to avoid the application of Burns § 7-1107, if he so wishes, by the addition of the appropriate language to the will.

We cannot assume that holding as we do will frustrate the testators intent as Hellstrom and Browne urge. The testators intent is manifested by the instrument to be construed and the absence of the language in that instrument is just as important as what is written in determining that intent.

The trial court also placed reliance upon the following section of the Trust Code in making his decision, namely:

> "When right to income arises—Apportionment of Income.—
>
> (a) An income beneficiary is entitled to income from the date specified in the terms of the trust or, if none is specified, the date an asset is delivered to the trustee. Receipts earned or accrued in whole or in part but not received before the date on which the asset is delivered to the trustee are income.
>
> (b) The character attributed to income received during the administration of a decedent's estate shall be the same in the hands of the trustee as it is in the hands of the executor under the applicable probate law.
>
> (c) * * *

IC 30-4-5-3, Ind. Ann. Stat. § 31-1703 (Burns 1972)" We believe that Ind. Ann. Stat. § 7-1107 can be construed in harmony with subsection (b) of the above quoted statute for if by statutory command income is to be treated as corpus,

absent a different directive by the testator, then it shall continue to be so considered by the trustee pursuant to Ind. Ann. Stat. § 31-1703(b). Moreover, we believe the commission comments following both Ind. Ann. Stat. § 7-1107 (Burns 1953), and § 31-1703 (Burns 1972), support the decision in this case.

The case law cited to us in support of the position of Hellstrom and Browne, with several exceptions, antedates the enactment of Ind. Ann. Stat. § 7-1107 (Burns 1953). One exception is *In Re Estate of Brown* (1969), 145 Ind. App. 591, 252 N.E.2d 142. Although treating the question somewhat summarily, the court said:

> "Neither is Mary Brown entitled to receive any part of the income received from the property in the estate, since Burns' Indiana Statutes, Sec. 7-1107, 1953 Rev. Ed., provides that unless the will provides otherwise, all income received during the administration of the estate shall become a part of the corpus of the estate. The will herein does not provide otherwise." 252 N.E.2d at 158.

This, in some small way, supports our holdings in the instant case.

The case of *Alig, Executor* v. *Levey, Trustee* (1942), 219 Ind. 618, 39 N.E.2d 137, is supportive of the position taken by Hellstrom and Browne. We are of the opinion, however, that the subsequent adoption of Ind. Ann. Stat. § 7-1107 (Burns 1953) negates the applicability of the *Alig* case, *supra*, in the case at hand.

Hellstrom and Browne raise another allegation of error in that the trial court erroneously found that the executor performed its fiduciary obligations and functions in a diligent and proper manner. They are quick to point out that the executor is not accused of fraud or bad faith. The substance of this argument is that partial distributions were made prior to the funding of the Hellstrom and Browne trusts, although sufficient funds were on hand to do so. This, the argument

continues, was a failure to "discharge its fiduciary obligation to implement the intent and purpose of the testatrix."

We are of the opinion that the trial court correctly found for the executor for two reasons. First, we cannot say, as a matter of law, that the executor failed to comply with the decedent's intents and purposes. That part of the will which directed that Hellstrom and Browne trusts be first-funded applied only if sufficient assets did not exist to pay all bequests and legacies in full. Such was not the case. Secondly, we cannot say, as a matter of law, after reviewing the facts and inferences to be drawn therefrom, in a light favorable to the appellees, that there was a violation of the following statute:

"7-1001. Liability of personal representative—Property of the estate—Property not a part of the estate—Breach of duty.—

(a) * * *

(b) * * *

(c) Every personal representative shall be liable for any loss to the estate arising from his neglect or unreasonable delay in collecting the credits or other assets of the estate or in selling, mortgaging or leasing the property of the estate; for neglect in paying over money or delivering property of the estate he shall have in his hands; for failure to account for or to close the estate within the time provided by this code; for any loss to the estate arising from his embezzlement or comingling of the assets of the estate with other property; for loss to the estate through self-dealing; for any loss to the estate arising from wrongful acts or omissions of his co-representatives which he could have prevented by the exercise of ordinary care; and for any other negligent or wilful act or nonfeasance in his administration of the estate by which loss to the estate arises." IC 29-1-16-1 (c), Ind. Ann. Stat. § 7-1001 (c).

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 289 N.E.2d 542.