Velma P. KEY, Appellant,

v.

Barbara Ann SNEED, American Fletcher National Bank and Trust Company, as Executor of the Estate of Sheldon A. Key, American Fletcher National Bank and Trust Company as Trustee under Article III of the Will of Sheldon A. Key, and Indiana Central College, Appellees.

No. 2–180A6.

Court of Appeals of Indiana,
First District.

Aug. 26, 1980.

David I. Day, Marshall, Batman, Day, Swango & Brattain, Terre Haute, Alan H. Lobley, Ice, Miller, Donadio & Ryan, Indianapolis, for appellant.

Donald R. Willsey, Willsey, Willsey & Hogan, Indianapolis, John P. Price, Michael W. Wells, Bingham, Summers, Welsh & Spilman, Indianapolis, for appellees.

NEAL, Judge.

### STATEMENT OF THE CASE

Velma P. Key (Appellant) appeals from the Marion Superior Court, Probate Division's adverse ruling upon her objections to the final accounting filed by American Fletcher National Bank and Trust Company (AFNB), as Executor of the Estate of Sheldon A. Key (Appellee). The sole issue is the manner of the distribution of income earned by the estate during administration.

We reverse.

### FACTS AND ISSUES

Sheldon A. Key died testate on August 23, 1971. His last will and testament was duly probated and Appellee was appointed executor. The relevant portions of the will are as follows:

### "'ARTICLE II

It is my will and I do hereby give and bequeath to my beloved wife, Velma P. Key, one-half (½) of my personal proper-

ty and a life estate in one-third (⅓) of my real estate.'

'ARTICLE III

It is my will and I do hereby give, devise and bequeath all the rest and residue of my estate, both real and personal, unto the American Fletcher National Bank and Trust Company of Indianapolis, Indiana, in trust, nevertheless, for the following uses and purposes:

(a) To pay and apply the income therefrom, or so much of said income as said Trustee deems necessary, to the use and support, maintenance, care and education of my daughter Barbara Ann Key.

\* \* \*'"

There was previous litigation regarding this estate, reported in *American Fletcher National Bank and Trust Company v. American Fletcher National Bank and Trust Company*, (1974) 161 Ind.App. 166, 314 N.E.2d 810. There the question was whether Appellant's bequest was subject to its proportionate share of the debts and expenses of the estate.[1] On behalf of the Second District, Judge Buchanan concluded, 161 Ind.App. at 171, 314 N.E.2d at 814:

"It is our opinion that the fractional bequest to Velma is a general legacy and should be computed on the basis of the net estate available for distribution, because the Will does not express a contrary intent."

Thereafter, upon final distribution, the income generated by the estate during administration was ordered by the court to be distributed to AFNB as trustee. Thus Appellant did not share in that income. Whether she should receive one-half of the income is the sole issue on appeal. The will does not make any disposition of the income.

DISCUSSION

Appellant cites, in support of her contention that she is entitled to participate in the income, Ind. Code 29–1–17–7, enacted in 1953, which provides as follows:

"Unless the decedent's will provides otherwise, all income received by the per-

sonal representative during the administration of the estate shall constitute an asset of the estate the same as any other asset and the personal representative shall disburse, distribute, account for and administer said income as a part of the corpus of the estate."

The Probate Commission's comments are as follows:

"The purpose of this section is to fix by statute, where [there] no provision is made in [the] will, the status of income received by the personal representative from the estate property. The courts in most counties treat such income as this section provides; that is, as part of the corpus of the estate. Other courts attempt to apply the income here and there in case of specific bequests. All agree that the application of such income should be definitely fixed so that the practice will be uniform. The commission feels that all of the advantages are in favor of making such income a part of the corpus. Many times it is unimportant as the assets are divided equally. By making the income a part of the corpus the sale of assets to pay obligations and also avoid a call for contributions will be frequently avoided [sic]."

IC (1971) 29–1–17–7 (Burns Code Ed.).

Appellant further cites Ind. Code 29–1–1–3 (Supp. 1979) which defines "estate" as follows:

"Estate denotes the real and personal property of the decedent or ward, as from time to time changed in form by sale, reinvestment or otherwise, and augmented by any accretions and additions thereto and substitutions therefor and diminished by any decreases and distributions therefrom."

■ Appellee contends that Appellant is a general legatee and Barbara is the residuary legatee, and that under the terms of Ind. Code 29–1–17–7, the income should go into the estate and be devolved by the terms of the will to the trustee. Considerable argument is made in an attempt to turn the resolution of the question upon the dis-

1. The reader is directed to that case for an in-depth discussion of the will.

tinction between a general legacy and a specific legacy. A general legacy is defined as a bequest out of the general assets of the testator's estate, such as a gift of money or other things in quantity not in any way separated or distinguished from other things of the same kind. *In re Estate of Brown,* (1969) 145 Ind.App. 591, 252 N.E.2d 142, *overruled on other grounds, Pepka v. Branch,* (1973) 155 Ind.App. 637, 294 N.E.2d 141. A legacy is specific when it can be determined only by delivery of some particular portion of, or article belonging to, the estate which the testator intended should be transferred to the legatee *in specie. Grise v. Weiss,* (1937) 213 Ind. 3, 11 N.E.2d 146.

▇▇▇ We are of the opinion that the solution to the question does not involve a classification of the legacy as general or specific. The proper analysis involves the method by which the amount of the bequest is determined. If a bequest is for a sum certain, even if a general bequest, the legatee gets that amount, and no more. Likewise, if the bequest is specific, such as an identifiable object, property, or fund, the legatee gets that object, property, or fund, and no more. On the other hand, where the bequest is expressed in terms of a fractional interest in the entire estate, as we have here, and the amount of the bequest can be ascertained only by reference to all of the assets of the estate and all of the liabilities, then all of the estate assets must be considered. The question then is whether income is a distributable asset in this context.

The original case, *American Fletcher National Bank and Trust Company, supra,* must be read in conjunction with this opinion. That opinion contains an excellent discussion by Judge Buchanan regarding the nature of the estate, and largely settles the issues here. He held that Appellant's interest was a fractional bequest, in that it was expressed in terms of a fractional share of the entire estate, and that under the law therein discussed her interest was required to bear its proportionate share of the debts and expenses. Judge Buchanan concluded by stating that one-half interest in the personal property "should be computed on the basis of the net estate available for distribution." The ruling is binding here.

Two cases have been decided under Ind. Code 29–1–17–7: *In re Estate of Darby,* (1972) 154 Ind.App. 238, 289 N.E.2d 542 and *In re Estate of Brown, supra. Brown* involved a bequest of an identifiable fund which the court held to be a specific bequest. *Darby* involved a bequest of a sum certain, but payable out of the general assets of the estate, and although the court did not decide that question, it was probably a general bequest. The court in both cases, applying Ind. Code 29–1–17–7, held that the income which accrued during administration became an asset of the estate to be distributed under the residuary clause of the will and did not inure to the benefit of the specified legatees. In each of these cases, however, by the plain terms of the will the legatee was limited to a sum certain or an identifiable fund, and no more.

Appellee cites Ind. Code 29–1–17–8 in support of its position, which reads as follows:

> "General legacies shall not bear interest, unless a contrary intent is indicated by the will."

We think that section is inapplicable to the problem of income. That section is an outgrowth of a rule that as against residuary legatees, specific legacies will draw interest at the legal rate after the expiration of one year from the date of death of the testator. The purpose of the rule was to force timely closing of estates and to discourage residuary legatees in control of an estate from delaying settlement so that the accumulation of income from the property, which should rightfully be in the possession of the specific legatee, would benefit the residuary legatees. *In re McGregor's Estate,* (1936) 210 Ind. 546, 2 N.E.2d 395.

Appellee further cites 2A HENRY, PROBATE LAW AND PRACTICE Chapter 25, § 17 (7th Ed. 1979). This adds nothing to the discussion. It is a resumé of conflicting rulings made prior to the enactment of Ind. Code 29–1–17–7, together with speculations as to what that section means in all applications. The strongest language contained in § 17 favorable to Appellee is as follows:

**1308**

"The one clue given is the mention in the Commissions Comments that income may be used to avoid contributions. This would be some indication that income is a general asset, and goes to the residuary legatee."

### DECISION

■ Where the bequest is expressed in terms of fractional interest in the entire estate, the fractional legatee's position is similar to that of a residuary legatee, and, in this instance, Appellant's position is identical to that of the residuary legatee. Appellant's interest is one-half of the net personal property available for distribution; therefore, Appellee's interest is the other one-half of the net estate available for distribution. Each interest is determined by the same measure, that is, a one-half fractional share of the net estate available for distribution. Inasmuch as Ind. Code 29–1–17–7 assigns to income earned during administration the role of an asset of the estate and orders it distributed as a part of the corpus of the estate, it necessarily follows that Appellant should receive her portion of the income.

For the reasons expressed herein, this cause is ordered reversed and the trial court is ordered to enter an amended order approving the final accounting and ordering a distribution not inconsistent with this opinion.

Reversed.

ROBERTSON, P. J., and RATLIFF, J., concur.